Donald R. LEMBO

v.

Carolyn A. LEMBO.

No. 92–337–M.P.

Supreme Court of Rhode Island.

May 17, 1993.

Carl Capozza, Providence, for plaintiff.

Arthur Read, II, Gorham & Gorham, Timothy Conlon, Providence, for defendant.

OPINION

MURRAY, Justice.

This case came before us on a petition for certiorari filed by the plaintiff, Donald R. Lembo (Donald), seeking review of a judgment entered in the Family Court ordering the plaintiff to pay child support. The plaintiff contends that in entering the child-support order, the trial justice committed reversible error by deviating from established child-support guidelines and by failing to state specific findings of fact and conclusions of law as required by the Family Court Rules of Procedure for Domestic Relations.

The plaintiff and defendant, Carolyn A. Lembo (Carolyn), were married on October 10, 1981, and they are the parents of Cherissa A. Lembo (Cherissa), who was born on April 20, 1987. On March 4, 1991, defendant removed their only child from the marital domicile in North Providence, Rhode Island, and together they resided thereafter with Carolyn's parents in East Providence, Rhode Island. During more than a year after the parties' separation, plaintiff visited with Cherissa on only three to four occasions, all of which were supervised by defendant. On April 16, 1992, plaintiff filed a miscellaneous petition in Family Court, seeking an ex parte restraining order that would require defendant to allow plaintiff unsupervised visitation with Cherissa. An ex parte order was entered by the Family Court that same day, but the Family Court justice later suspended plaintiff's visitation rights under that order until such time as he interviewed the minor child.

On April 24, 1992, defendant filed a counterclaim in Family Court, seeking an absolute divorce from plaintiff. Additionally defendant filed a motion for temporary orders, seeking inter alia custody of Cherissa and support for defendant and the parties' daughter. A hearing was held over several days between June 3 and June 12, 1992, at which time the trial justice vacated all prior orders entered in the Family Court, granted defendant temporary placement of Cherissa, and ordered plaintiff to pay child support to defendant in the amount of $300 per

week, $100 of which could be withdrawn from a $22,000 certificate of deposit originally owned by the parties but now in the name of plaintiff. The Family Court justice further ordered that at the end of six months the amount of child support would be reduced to $150, none of which was to come from the aforementioned certificate of deposit.

The defendant's counsel thereafter prepared the order to be entered by the Family Court, to which plaintiff objected. On July 9, 1992, the trial justice heard defendant's motion to enter the order and plaintiff's objection. The order reflecting the trial justice's decision on June 12 was finally entered by the Family Court on July 14, 1992, and made retroactive to June 12, 1992. On June 25, 1992, prior to the order's being entered by the court, plaintiff petitioned this court for a writ of certiorari, seeking to review the propriety of the temporary child-support order. We granted certiorari on July 10, 1992.

The plaintiff argues that the trial justice was clearly wrong in ordering him to pay $300 in child support for four reasons. First, the trial justice entered the child-support order without defendant's having submitted a child-support-guideline worksheet and without the court's approval thereof as required by an administrative order of the Family Court. Second, the trial justice abused his discretion in deviating from the child-support guidelines and ordering plaintiff to pay an excessive amount of money, which he is unable to pay. Next, the trial justice erroneously made the child-support order retroactive to June 12, 1992. Last, the trial justice approved a judgment of support without making specific findings of fact and conclusions of law as required by Rule 52 of the Rules of Procedure for Domestic Relations. For the reasons that follow, we remand this case to the Family Court for further fact-finding.

The awarding of child support is governed primarily by G.L.1956 (1988 Reenactment) § 15-5-16.2. That statute reads in pertinent part:

"(a) In a proceeding for divorce, divorce from bed and board or a miscellaneous petition without the filing of divorce proceedings, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount *based upon a formula and guidelines adopted by an administrative order of the family court.* If, after calculating support based upon established court formula and guidelines, the court, in its discretion, finds the order would be inequitable to the child or either parent, the court shall make findings of fact and may order either or both parents owing a duty of support to pay an amount reasonable or necessary for the child's support after considering all relevant factors including, but not limited to:

(1) The financial resources of the child;

(2) The financial resources of the custodial parent;

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

(4) The physical and emotional condition of the child and his [or her] educational needs; and

(5) The financial resources and needs of the non-custodial parent." (Emphasis added.)

In 1987 the Rhode Island General Assembly authorized and directed the Rhode Island Family Court to adopt a child-support formula and guidelines in response to the federal government's urging "each state to adopt a uniform approach to establishing child support orders." Public Laws 1987, ch. 374, § 1. The Family Court thereafter adopted guidelines that are based on the parents' incomes and which provide the child or children with the greatest possible support. Published as the Rhode Island Family Court Administrative Order No. 87–2 (administrative order), these guidelines became effective on October 1, 1987.

The administrative order prescribes when and how the child-support guidelines shall be used by the Family Court. It reads in pertinent part:

"These Guidelines shall apply to all child support orders established or modified by the Family Court on and after October 1, 1987, including temporary and final orders, and orders entered by agreement of the parties. The Guidelines Worksheet must be completed and filed in accordance with the Part IV Worksheet instructions. The Guidelines must be used by the Court as the basis for reviewing the adequacy of child support levels in all cases, even though the child support order may deviate from the guideline amount. The Court may exercise broad discretion in deviating from the Guidelines in cases where application would be inequitable for either of the parties or to the child. In cases where the award deviates from the Guidelines, however, the Court must make findings of fact to substantiate the deviation before proceeding to establish an order based on other relevant factors provided for in § 15–5–16.2 of the General Laws."

In determining the precise amount of child support to be paid by the noncustodial parent, the trial justice is required under the administrative order to consider the Child Support Guidelines Worksheet (worksheet) relating to the parties' monthly adjusted gross incomes. The administrative order states that

"[t]he Child Support Guidelines Worksheet must be utilized and filed in the case record prior to or at the hearing on support, *or at the time of entry of a support order without a hearing.* The moving party or his/her attorney has the primary responsibility to complete the Worksheet and file it with the Court prior to or at the time of the support hearing."

■ It is evident that § 15–5–16.2, read in conjunction with the administrative order, requires that the Family Court justice first review the prescribed worksheet to determine the base level of a child-support order that the noncustodial parent would be ordered to pay. Only if the Family Court justice finds that the recommended child-support order would be inequitable to the child or to either parent, and makes findings of facts to the same, may he or she deviate from the calculated amount.

■ Our review of the record reveals that at the time the Family Court justice ordered plaintiff to pay $300 per week for child support for a period of six months and $150 for child support thereafter, he had before him only two documents entitled "Family Court Statement of Assets, Liabilities, Income, Expenses" that were submitted by each party. Because the information contained in this statement is unlike the information requested on the worksheet, we find that the trial justice failed to consider the data provided in the worksheet. Therefore we can only speculate about how the trial justice calculated the weekly sum of $300 absent the required worksheet.

In addition to the record's being bereft of the necessary worksheet as of the date of entry of the order, the trial justice's decision fails to specify findings of fact that substantiate his deviation from the prescribed guidelines. We find that there is no competent evidence in the record that would justify the Family Court justice's decision to order plaintiff to pay a substantial sum of money each week for temporary child support. It is necessary then to remand the matter to the Family Court first to consider the information contained in the parties' completed worksheet and second to specify findings of fact that may substantiate the Family Court justice's decision to deviate from the child-support guidelines.

With respect to the plaintiff's assertions that the trial justice abused his discretion and that he erroneously made the child-support order retroactive, we shall defer ruling on such issues until the trial justice complies with our instructions on remand. In the interim, however, we find that the plaintiff's current weekly payments of $150 to the defendant for child support, as appropriately reduced from $300 by court order, shall continue until such time as the Family Court may review or alter the decree. In the event that the Family Court justice fails to make findings based upon competent evidence in support of the June 12, 1992 child-support order, the plaintiff

may be entitled either to reimbursement or to credit for payments previously made pursuant to that child-support order.

Accordingly the plaintiff's petition for certiorari is granted. The judgment appealed from is quashed, and the papers of the case may be remanded to the Family Court with instructions to proceed in accordance with this decision.