Caroline J. ALMEIDA

v.

Richard ALMEIDA.

No. 93–473–Appeal.

Supreme Court of Rhode Island.

March 31, 1995.

Carolyn Barone, Warwick.

Vincent DiMonte, Providence.

ORDER

This matter came before a panel of the Supreme Court on March 21, 1995, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Richard Almeida, has appealed from the Family Court's decision granting his motion for child support from the plaintiff, Caroline Almeida, and denying his motion for elimination of alimony payments. In the same proceeding the trial justice denied Caroline's motion to amend her alimony and denied her motion to adjudge Richard in contempt.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time, the Court having decided to treat this appeal as a petition for certiorari.

On April 26, 1991, defendant filed a complaint to modify the final divorce judgment. He requested that the final judgment reflect that he is now in physical possession of his minor daughter, by mutual consent of the parties, that the court determine an amount of child support payable by plaintiff to him and also, that alimony payments to plaintiff be eliminated.

We would first note that the issues raised are not appealable. Under G.L.1956 (1994 Reenactment) § 14–1–52(b), matters involving modification of alimony or child support are reviewable by certiorari, not by direct appeal. *Pontbriand v. Pontbriand,* 608 A.2d 658 (R.I.1992); *Meehan v. Meehan,* 603 A.2d 333, 334 (R.I.1992). However, shortly before argument defendant petitioned this court asking that we consider his appeal as a petition for certiorari. In the interest of justice this court has decided to grant that petition and consider the matter on the merits at this time.

The trial justice, after hearing, determined that there had been no change in the wife's earning capacity of $125. per week, that the daughter had in fact chosen to live with her father, because the mother was moving out of state. The trial justice ordered that Caroline's alimony remain the same, and that she should commence payment of child support to Richard in the amount of $20.00 per week. The defendant was ordered to pay the arrearages in alimony within thirty days.

After reviewing the record of the hearing, the court is of the opinion that the conclusions reached by the trial justice were sound and were based on the evidence before her.

For these reasons, the defendant's appeal is denied and dismissed, the order and judgments appealed from are affirmed, and the papers of the case are remanded to the Family Court.

WEISBERGER, C.J., did not participate.