**Mary E. Guglietto McKENNA**

v.

**Lareto GUGLIETTO.**

**No. 95–477–Appeal.**

Supreme Court of Rhode Island.

Oct. 3, 1996.

Augustus Charos, Cranston.

William F. Holt, Cranston.

**ORDER**

This matter came before a panel of the Supreme Court for oral argument on September 25, 1996, pursuant to an order that directed both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Mary E. Guglietto McKenna, has appealed from a Family Court order granting the defendant, Lareto Guglietto's motion to modify child support.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

We first note that this case is before us on the appeal of plaintiff and is, therefore, not properly before this Court. G.L. 1956 § 14–1–52(b) specifically provides that the procedure for seeking review of a judgment or order relating to the modification of child support or alimony is by petition for writ of certiorari. This Court has consistently held that questions involving the modification of child support are not reviewable by direct appeal, *Almeida v. Almeida,* 655 A.2d 696 (R.I.1995); *Lentz v. Lentz,* 651 A.2d 1242 (R.I.1994); *Cok v. Cok,* 558 A.2d 205 (R.I. 1989). Nevertheless, in the interests of expediency, we reach the merits of the instant case. The Court, however, takes this opportunity to pronounce that in the future we will consider only those matters that are properly before us, pursuant to § 14–1–52(b) and, only in the rarest of circumstances, will we allow any deviation from the required procedure.

The plaintiff and defendant were divorced on May 5, 1982, and plaintiff was awarded the care, custody, and control of the one minor child of the marriage, Lareto Guglietto, Jr. The child lived with plaintiff until February 15, 1992, when the child began residing with defendant. On May 15, 1992, an order was entered granting custody and physical possession to defendant and suspending defendant's obligation to pay child support. The question of child support payable by plaintiff was left open.

On June 23, 1993, defendant filed a motion seeking child support from defendant. On October 7, 1993, the trial justice ordered plaintiff to pay $50 per week in support of the minor child and plaintiff timely appealed contending that the trial justice erred in granting defendant's motion to modify child support. The plaintiff argued that because she lacked the present ability to earn income, the trial justice's order that she pay child support was not supported by the evidence.

It is well established that the modification of child support orders is "a matter well within the sound discretion of the trial justice based on the facts and circumstances before him in a given case." *Santos v. Santos,* 568 A.2d 1010, 1011 (R.I.1990). This Court will not disturb a trial justice's decision to modify a child support decree unless we are persuaded that the decision is based on findings that were clearly wrong. *Morry v. Morry,* 426 A.2d 265, 266 (R.I.1981).

In the instant case, the trial justice found that plaintiff was unemployed because she

wished to remain home to care for her two minor children from her present marriage. He further found that plaintiff had the ability to earn income based on her skills as a bookkeeper and that plaintiff's services as a homemaker had an imputed value of $300 per week, which could also be imputed as an earning capacity.

This Court has held that a parent's ability to provide child support does not depend solely on existing earning capacity. Rather, the trial court may include other available means by which one could comply with a support order. *Brierly v. Brierly*, 431 A.2d 410, 415 (R.I.1981). In the instant case, plaintiff testified that she had $700 in weekly expenses, although her income and expense form reflects no income. Furthermore, plaintiff has regularly paid $50 per week in child support, pursuant to the support order of October 23, 1993.

We are persuaded that the trial justice appropriately considered all assets available for support of the minor child and was not clearly wrong in finding that plaintiff has the means to pay child support and, therefore, ordered her to do so. The plaintiff did not deny having assets and apparently had sufficient means to comply with the support order. Therefore, we decline to reach the question of her earning capacity.

Accordingly, we deny and dismiss the appeal and affirm the judgment of the Family Court, to which the papers in this case may be remanded.

WEISBERGER, C.J., and MURRAY, J., did not participate.