**Lionel A. POISSON**

v.

**Louise G. (Poisson) BERGERON.**

**No. 98–425–Appeal.**

Supreme Court of Rhode Island.

Jan. 13, 2000.

Stephen M. Prignano, Providence, for plaintiff.

Michael DiChiro, Jr., Johnston, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on December 7, 1999, pursuant to our order directing both parties to show cause why this appeal should not be summarily decided. Louise G. (Poisson) Bergeron (Bergeron), has appealed a Family Court order denying her motion to adjudge her former husband, Lionel A. Poisson (Poisson), in contempt for failure to provide child support and directing Bergeron to pay Poisson's counsel fees. In particular, this Court directed the parties "to discuss the appropriateness of raising these issues on direct appeal." After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

The threshold question is whether the present appeal is properly before us. Poisson contended that the sole route to obtain this Court's review of a Family Court decree relating to a finding of contempt is to petition this Court for issuance of a writ of certiorari pursuant to G.L.1956 § 14–1–52(b), which provides, in pertinent part, that

"[e]very person aggrieved by any decree * * * of the family court relating to modification of alimony or of child sup-

port, or a finding of contempt for failure to pay alimony or child support, may, within twenty (20) days * * * seek review of questions of law in the supreme court by petition for writ of certiorari * * *."

Bergeron, on the other hand, contended that because the Family Court did not make an affirmative finding of contempt but instead denied her motion to adjudicate her former husband in contempt, the appropriate means of obtaining review is through a timely appeal.

This Court has in the past issued a writ of certiorari to review a Family Court's denial of a party's motion to adjudicate another party in contempt for failure to pay child support in *Armentrout v. Armentrout,* 691 A.2d 559, 560 (R.I.1997) (per curiam), but in that case we did not address whether that procedure is required under § 14–1–52(b). We have also dismissed an appeal of a Family Court's affirmative finding of contempt, noting that the "statute clearly delineates [that] the sole method of securing appellate review" is by petition for writ of certiorari. *Bonney v. Bonney,* 695 A.2d 508, 510 (R.I.1997). Further, in *McKenna v. Guglietto,* 683 A.2d 369, 369 (R.I.1996) (mem.), this Court heard an appeal of a Family Court order granting a party's motion to modify child support, even though we noted that the proper route of review under the statute was by petition for writ of certiorari. Notably, in that case, we took "[the] opportunity to pronounce that in the future we will consider only those matters that are properly before us, pursuant to § 14–1–52(b) and, only in the rarest of circumstances, will we allow any deviation from the required procedure." *Id.*

*McKenna* is not determinative of the present issue, however, because § 14–1–52(b) expressly provides that a decree relating to modification of child support may be reviewed only by petition for certiorari. Although the statute does not explicitly state that a denial of a contempt motion falls within the purview of the required

procedure under § 14–1–52(b), we agree with Poisson that the words "relating to" modify the words "finding of contempt" irrespective of whether a finding of contempt was actually made or, as in this case, was denied. It is also our opinion that this case does not present the "rarest of circumstances" that would permit deviation from the required procedure described in § 14–1–52(b), notwithstanding any agreement of the parties to proceed with an appeal.

Accordingly, and in light of our holdings in *Armentrout, Bonney,* and *McKenna,* we hold that review by this Court of matters relating to contempt in the Family Court may be sought only by a petition for certiorari pursuant to § 14–1–52(b).

In summary, therefore, we deny and dismiss the appeal and remand the papers in the case to the Family Court.