**Mary Elizabeth CODD**

v.

**Victor G. BARRETT.**

**No. 2001–99–Appeal.**

Supreme Court of Rhode Island.

June 14, 2002.

---

John E. McCann, Pawtucket, for Plaintiff.

Arthur M. Read, II, North Scituate, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on May 8, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Therefore, we proceed to decide this appeal at this time.

The plaintiff, Mary Elizabeth Codd (Codd or plaintiff), and the defendant, Victor G. Barrett (Barrett or defendant), were divorced in May 1992. One child, for whom defendant was in arrears in his child-support obligations, was born to the couple and now resides with plaintiff. In January 1998, defendant filed a complaint seeking modification of both child support and visitation. The plaintiff responded with a motion for contempt for defendant's failure to pay child support. At present, defendant is more than $15,000 in arrears. At the initial hearing before a Family Court magistrate, it was made clear to defendant that if he did not satisfy the requirements of the final judgment of divorce he would be held in contempt of court.[1] This was defendant's first and last court appearance. He failed to make the requisite payments, and as a result, in an order on June 6, 2000, the Family Court magistrate denied defendant's motion for modification of child support and visitation

---

1. The parties' property settlement agreement was incorporated into the final judgment of divorce.

and found him in civil contempt for failure to comply with the final judgment of divorce. The defendant filed a notice of appeal on June 23, 2000. However, before the case was documented by this Court, plaintiff moved to dismiss the appeal. The appeal was subsequently dismissed by the Family Court magistrate on the basis that review by this Court of Family Court orders relating to a finding of contempt for failure to pay child support must be by writ of certiorari in accordance with Article I, Rule 11(F) of the Supreme Court Rules of Appellate Procedure. The defendant filed a notice of appeal from this judgment, and argues on appeal that this Court has jurisdiction to hear this case because the order issued by the magistrate encompassed issues other than those related to the finding of contempt. We disagree.

General Laws 1956 § 14-1-52(b)[2] prescribes the appropriate avenue of review for those persons aggrieved by a Family Court order of contempt for failure to pay child support. Recourse to this Court is by writ of certiorari and not an appeal, as defendant suggests. The motion upon which the magistrate based his contempt finding was plaintiff's motion to declare defendant in willful contempt. Accordingly, the order granting that motion is one "relating to * * * a finding of contempt for failure to pay * * * child support." *Id.* The fact that the order addressed other issues which, if based in a separate judgment may have been appealable to this Court, is of no moment to this appeal. An order finding defendant in civil contempt of court for failure to pay child support will not be entertained by this Court, save by writ of certiorari, and the fact that other findings and conclusions are bundled into that order does not avoid this principle.

We recognize that this Court previously has entertained an appeal from an order granting a motion to modify child support in *McKenna v. Guglietto,* 683 A.2d 369 (R.I.1996)(mem.). However, we did so in the interest of expediency and made clear that "in the future we will consider only those matters that are properly before us, pursuant to § 14-1-52(b) and, only in the rarest of circumstances, will we allow any deviation from the required procedure." *McKenna,* 683 A.2d at 369. We recently reaffirmed this holding in *Acosta v. Britto,* 776 A.2d 1064 (R.I.2001)(mem.) wherein, citing *McKenna* and relying solely on the parties' briefs, we dismissed an appeal from an order modifying child support because the proper route for review was by petition for certiorari. *Acosta,* 776 A.2d at 1065. We again declared that cases not presented to us by way of a petition for certiorari would be reviewed only in extreme situations and held that the circumstances presented in *Acosta* did not qualify. *Id.* Similarly, the facts in this case do not present the sort of extraordinary circumstance that would cause us to depart from this well-established procedure.

**2.** General Laws 1956 § 14-1-52(b) provides:
   "Every person aggrieved by any decree, judgment, order, decision, or verdict of the family court relating to modification of alimony or of child support, or a finding of contempt for failure to pay alimony or child support, may, within twenty (20) days after entry of the decree, judgment, order, decision, or verdict, seek review of questions of law in the supreme court by petition for writ of certiorari in accordance with the procedure contained herein. The petition for a writ of certiorari shall set forth errors claimed. Upon the filing of a petition with the clerk of the supreme court, the supreme court may, if it sees fit, issue its writ of certiorari to the family court to certify to the supreme court the record of the proceeding under review, or so much thereof as was submitted to the family court by the parties, together with any additional record of the proceeding in the family court."

Furthermore, a defendant who now is in civil contempt for failure to pay child support fails to demonstrate the exigency that qualifies as an exception to § 14–1–52(b), and his or her failure to purge the contempt also provides this Court with an independent basis for denying review. This Court will not entertain an appeal by a party who has been found to be in willful contempt for failure to pay child support and has not purged himself of the contempt or at least attempted to do so. Moreover, a party may not voluntarily absent himself from a proceeding before a Family Court magistrate and expect to be heard by this Court.

Accordingly, the defendant's appeal is denied and dismissed. The judgment is affirmed and the papers in this case are remanded to the Family Court.