Christina M. FISCHER

v.

Jason E. WALKER.

No. 2004–93–Appeal.

Supreme Court of Rhode Island.

May 24, 2005.

Frank J. DiBiase, RI Div. of Taxation. Cranston.

Jason E. Walker, pro se.

Before: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

ORDER

This case came before the Court on May 12, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Therefore, we proceed to decide this appeal at this time.

The defendant, Jason E. Walker, appeals *pro se* from a Family Court order denying his motion to modify a child support order. However, as we have recognized on numerous occasions, the proper procedure to seek review of a decree or order relating to the modification of child support is to petition this Court for a writ of certiorari pursuant to the G.L.1956 § 14–1–52(b).[1] *Codd v. Barrett,* 798 A.2d 954, 956 (R.I.2002); *Acosta v. Britto,* 776 A.2d 1064, 1064 (R.I.2001). As a result, ' "questions involving the modification of child support are not reviewable by direct appeal.' " *Acosta,* 776 A.2d at 1064 (quoting *McKenna v. Guglietto,* 683 A.2d 369, 369 (R.I.1996) (mem.)).

We are mindful that this Court previously has entertained appeals from both child support modification orders and findings of contempt for failure to pay alimony or child support. *See, e.g., McKenna,* 683 A.2d at 369; *Meehan v. Meehan,* 603 A.2d 333 (R.I.1992); *Kay v. Kay,* 474 A.2d 86 (R.I.1984); *Bates v. Bates,* 440 A.2d 724 (R.I.1982). In *McKenna,* the most recent of such instances, we considered the plaintiff's appeal "in the interests of expediency," and specifically noted that "in the future we will consider only those matters that are properly before us, pursuant to § 14–1–52(b) and, only in the rarest of circumstances, will we allow any deviation from the required procedure." *McKenna,* 683 A.2d at 369. Our review of the case before us leads us to conclude that defendant's appeal does not present the type of extraordinary circumstances that warrants

1. General Laws 1956 § 14–1–52(b) provides as follows:

"Every person aggrieved by any decree, judgment, order, decision, or verdict of the family court relating to modification of alimony or of child support, or a finding of contempt for failure to pay alimony or child support, may, within twenty (20) days after entry of the decree, judgment, order, decision, or verdict, seek review of questions of law in the supreme court by petition for writ of certiorari in accordance with the procedure contained in this chapter. The petition for a writ of certiorari shall set forth errors claimed. Upon the filing of a petition with the clerk of the supreme court, the supreme court may, if it sees fit, issue its writ of certiorari to the family court to certify to the supreme court the record of the proceeding under review, or so much of it as was submitted to the family court by the parties, together with any additional record of the proceeding in the family court."

our deviation from these established rules of practice and procedure.

Accordingly, the defendant's appeal is denied.