Ronald P. KASHMANIAN

v.

Lynne M. KASHMANIAN.

No. 2006–285–Appeal.

Supreme Court of Rhode Island.

May 17, 2007.

Paul J. Russo, Cranston.

Donald R. Lembo, North Providence.

### ORDER

The defendant, Lynne M. Kashmanian, appeals from an order of the Family Court denying her motion to adjudge the plaintiff, Ronald P. Kashmanian, in contempt and denying her motion for counsel fees. Because review of such orders may be sought only through a petition for a writ of certiorari and not by appeal, and because we see nothing in the record that would bring this matter within the holding of *McKenna v. Guglietto*, 683 A.2d 369 (R.I. 1996) (mem.), we deny the defendant's appeal and affirm the order of the Family Court.

The parties' marriage came to an end through the entry of final decree of divorce on November 9, 2001. A property settlement agreement disposing of their property and regulating their financial, custody, and child support obligations to each other was incorporated by reference but not merged with the decree of divorce.

Subsequently, the parties disagreed about whether either was keeping his or her part of the bargain. As a result, defendant brought a motion to hold plaintiff in contempt for allegedly falling in arrears on his alimony and child support obligations. The plaintiff denied that he was in arrears and countered that he had paid more money than was required under the property settlement agreement and therefore was entitled to a refund. The matter was referred to a mediator by a justice of the Family Court, and the parties reached a settlement. A written copy of this agreement was signed by the parties and then was entered as an order of the court. The written agreement provided that plaintiff was in arrears and that he would pay a certain sum of money in installments to defendant to cure this delinquency. The issue of attorney's fees explicitly was left open for the court to determine in its discretion. After various motions and orders were filed, including defendant's motion for attorney's fees based on contempt, a justice of the Family Court found that there was no evidence that plaintiff was in contempt, and she denied defendant's motion for attorney's fees.[1] Significantly, defendant has sought our review by appeal rather than by petition for writ of certiorari.

---

1. The order says, in relevant part:

"1. The issue of attorney's fees was left open to the Judge's discretion pursuant to paragraph 7 of the Order entered by Ms. Justice Bedrosian on the 6th day of April 2005.

"2. The Court in exercising its discretion finds that there is no evidence of either the Plaintiff being in contempt or more so in willful contempt of the orders of this Court.

"**ORDERED, ADJUDGED AND DECREED**

"1. The Motion of Counsel for the Defendant to be awarded counsel fees is denied."

In *Poisson v. Bergeron,* 743 A.2d 1037 (R.I.2000), we held that denials by the Family Court of motions to adjudge in contempt for failure to pay alimony or child support may be reviewed by this Court only through a petition for a writ of certiorari under G.L.1956 § 14–1–52(b). *Poisson,* 743 A.2d at 1038. The defendant argues, however, that neither § 14–1–52(b) nor the holding in *Poisson* applies to her because her appeal relates only to the denial of her motion for attorney's fees and not from the denial of her motion to adjudge plaintiff in contempt. We see no merit to this argument.[2] The defendant's request for attorney's fees cannot be detached from the denial of the motion to adjudge in contempt because without a finding of contempt by the Family Court, defendant's request for attorney's fees has no foundation.

We said in *McKenna* that "only in the rarest of circumstances, will we allow any deviation from the required procedure [of § 14–1–52]." *McKenna,* 683 A.2d at 369. It is our opinion that the facts of this case do not present the "rarest of circumstances" and therefore do not justify deviation from the requirement that review by this Court of the order of the Family Court dismissing and denying the motion to adjudge the plaintiff in contempt be sought through a petition for writ of certiorari. Because the defendant has not so petitioned, her appeal is denied and the decree of the Family Court is affirmed.

---

2. Indeed, defendant's argument that her appeal from the denial of attorney's fees is not inextricably linked to the denial of her motion to adjudge in contempt is disingenuous, if not duplicitous, considering that in her brief she lists as one of the issues on appeal whether "the trial justice [was] clearly wrong when it

---

[*sic*] found as a matter of fact and law that plaintiff was not in contempt * * *."