OPINION
Justice INDEGLIA,
for the Court.
It is said that what happens in Vegas stays in Vegas — except in this case, where *520 the parties dispute what happened there. The defendant, Juan G. Catala (Catala or defendant), appeals from a Superior Court money-damage judgment in favor of the plaintiff, David S. Vogel (Vogel or plaintiff). On appeal, Catala contends that the trial justice erred in (1) finding Vogel to be a credible witness; and (2) failing to find that the transaction between Vogel and Catala was void pursuant to G.L.1956 § 11-19-17 as a loan for betting. This case came before us for oral argument on February 6, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that this appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.
I
Facts and Travel
Initially, we pause to note that Catala, as the appealing party, has failed to order a transcript of the bench trial below, which is ultimately fatal to his appeal.[1] We briefly turn to the facts of this case, as gleaned from the record, including the written decision of the trial justice.
On April 9, 2007, Catala, while visiting Las Vegas, Nevada, called his friend, Vo-gel, who was in Rhode Island. Catala informed Vogel that he had lost money gambling and consequently needed additional money so he could attempt to recover his losses. Vogel then wired $8,500 to Catala, c/o The Bellagio Hotel in Las Vegas. According to Vogel, Catala promised to repay this debt within two weeks of receipt.
After Catala failed to repay him, on October 18, 2007, Vogel filed a complaint against Catala in Providence County Superior Court alleging both breach of contract and breach of an implied-in-fact contract. That same day, Vogel amended his complaint to include a claim for failure to repay based on book account. In his answer, Catala indicated that he was without sufficient information to admit or deny the book account claim — thus, disputing that he had received the $8,500.[2] He also denied the two breach-of-contract claims.
On April 23, 2009, Vogel moved for summary judgment, attaching an affidavit containing the same assertions he had previously made in his complaint. In this affidavit, Vogel stated, in pertinent part: “Defendant called me to request that I loan money to him[.] Defendant said that he had lost a substantial sum of money during his trip to Las Vegas, and needed to borrow money so that he might win back at least part of what he had lost.” On February 8, 2010, Catala then amended his answer to include an affirmative defense that the loan was void pursuant to § 11-19-17.[3]
*521 The hearing justice subsequently denied Vogel’s motion for summary judgment on February 23, 2010. Approximately one month later, Catala then moved for summary judgment, relying on the affirmative defense that he had raised in his amended answer that the loan at issue was void under § 11-19-17. The hearing justice denied this motion on May 18, 2010.
On November 4, 2010, the case proceeded to trial before another justice of the Superior Court, sitting without a jury. The trial justice issued a written decision on May 19, 2011, concluding that the loan was not void because it did not contravene § 11-19-17. In so concluding, he found that Vogel’s testimony was more credible than that offered by Catala. In making this determination, the trial justice found “no credible evidence to support a finding that there were any promises given or made for the repayment of money knowingly lent for gambling or betting in violation of § 11-19-17.” He further found that “the monetary transaction between the parties constituted a loan not tied to the gambling fortunes of Catala, and for which Vogel expected repayment * * Thus, he concluded that the loan did not violate § 11-19-17 because it was not extended for gambling purposes; rather, it was extended as an ordinary loan with the understanding that it would be repaid.[4] “To conclude otherwise,” the trial justice stated, “would permit Catala to avoid repaying this loan, thus resulting in unjust enrichment.” Accordingly, Catala was ordered to pay damages to Vogel in the amount of $8,500, together with statutory interest and costs. A judgment to that effect entered on April 30, 2012.
Catala then appealed to this Court.[5] He advances two theories in support of his appeal. First, he contends that the trial justice was incorrect in finding that Vogel was a credible witness. Second, he argues that the trial justice erred in failing to find that the transaction was void pursuant to § 11-19-17, because, according to Catala, Vogel had advanced the money to him with the knowledge that it would be used for gambling. In countering Catala’s contentions on appeal, Vogel maintains that the trial justice was correct in concluding that he had loaned the money to Catala with the understanding that it would be repaid, and not with any knowledge that the loaned money would be used for gambling purposes.
*522 II
Analysis
“This Court gives great weight to the factual findings of a trial justice sitting without a jury in a civil matter, and we will not disturb such findings unless they are ‘clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties.’ ” Cahill v. Morrow, 11 A.3d 82, 86 (R.I.2011) (quoting Costa v. Silva, 996 A.2d 607, 611 (R.I.2010)). Moreover, “[t]he task of determining the credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury.” Walton v. Baird, 433 A.2d 963, 964 (R.I.1981). “If our review of the record before us ‘indicates that competent evidence supports the [trial] justice’s findings, we shall not substitute our view of the evidence for his [or hers] even though a contrary conclusion could have been reached.’” Thibaudeau v. Thibaudeau, 947 A.2d 243, 246 (R.I.2008) (quoting Imperial Casualty and Indemnity Co. v. Bellini, 888 A.2d 957, 961 (R.I.2005)).
Here, however, because we have not been provided with a transcript of the trial below, we are unable to properly engage in a review of the trial justice’s factual findings. Pursuant to Article I, Rules 10(b) and 11(a) of the Supreme Court Rules of Appellate Procedure, Catala, as the appellant, had a duty to ensure that the record on appeal was “complete and ready for transmission” to this Court. Small Business Loan Fund Corp. v. Gallant, 795 A.2d 531, 532 (R.I.2002) (quoting Procopio v. PRM Concrete Corp., 711 A.2d 650, 651 (R.I.1998) (mem.)). Catala’s failure to order the transcript is not only “risky business” but also fatal to his appeal. See Bergquist v. Cesario, 844 A.2d 100, 105 (R.I.2004). “[W]e ordinarily will not decide matters presented to us unless there has * * * been transmitted to us so much of the record of the tribunal below as may be necessary to enable us to pass on the question at issue * * Savoy Realty Corp. v. LPL, Inc., 121 R.I. 962, 962, 401 A.2d 61, 61 (1979) (mem.).
While the dissent reasons that Vogel’s judicial admissions allow us to engage in a meaningful review of the decision below, we conclude otherwise. Without the transcript, we can only speculate as to the testimony adduced at trial. This Court declines to accept such an invitation to gamble in that regard. We acknowledge that Vogel pleaded that he had wired Cata-la $8,500 after Catala had told him that he “had lost a substantial sum of money during his trip [to Las Vegas], and now needed to borrow money so that he might win back at least part of what he had lost.” However, § 11-19-17 declares void only those transactions where money was “knowingly lent” for the purpose of, among other things, betting. (Emphasis added.) Thus, whether Vogel lent this money “knowingly” under § 11-19-17 was a question of fact for the trial justice in this case — a question that we cannot say the trial justice erred in deciding, without reviewing the transcript. Indeed, in his written decision, the trial justice explicitly found that “the monetary transaction between the parties constituted a loan not tied to the gambling fortunes of Catala, and for which Vogel expected repayment * * *."
Because we are unable to engage in any meaningful review of the trial justice’s factual determination that Vogel did not “knowingly” lend the money at issue in contravention of § 11-19-17, this Court “has no choice but to uphold the lower court’s findings.” See Bergquist, 844 A.2d at 105 (citing State v. Pineda, 712 A.2d 858, 861 (R.I.1998)).
*523 III
Conclusion
For the reasons stated above, we affirm the judgment of the Superior Court, to which we remand the record in this case.

. At oral argument, this Court asked Catala’s counsel whether he had ordered the transcript on appeal, to which he answered in the affirmative. However, our review of the lower court record reveals that he did not order the transcript — in fact, on the notice of appeal, he affirmatively indicated that the transcript would not be ordered.
On January 10, 2013, Vogel moved to dismiss this appeal on the grounds that Catala had failed to order a transcript of the proceedings below, pursuant to Article I, Rule 10 of the Supreme Court Rules of Appellate Procedure. In light of this opinion, we need not address that motion.

. Thereafter, in an affidavit filed on August 31, 2009, he acknowledged receipt of the $8,500.

.In pertinent part, G.L.1956 § 11-19-17 states that "[a]ll * * * promises, given or made * * * for the repayment of money knowingly lent for * * * betting, shall be utterly void.” Although this Court has not yet passed on the prohibitions contained within that statute, we reviewed an earlier version in McGrath v. Kennedy, 15 R.I. 209, 2 A. 438, (1886). There, reviewing R.I. Pub. St. ch. 246, § 16, we explained that “[a]ll bonds, notes, judgments, mortgages, deeds, or other securities, as well as promises, given or made for money, * * * won at any game, or by betting at any race or fight, * * * shall be utterly void.” Id. at 211, 2 A. at 439 (emphasis added). Furthermore, it is interesting to note that the first reported opinion issued by this Court declared a contract void where the parties had placed bets on the outcome of an election. Stoddard v. Martin, 1 R.I. 1, 6-7 (1828).

. The trial justice made this finding despite the allegation in Vogel’s complaint stating that he had wired Catala $8,500 after Catala told him that he “had lost a substantial sum of money during his trip [to Las Vegas], and now needed to borrow money so that he might win back at least part of what he had lost.”

. Although Catala’s appeal of the trial justice's decision was premature, the later entry of final judgment cured the defect in his premature appeal. See Merrimack Mutual Fire Insurance Co. v. Dufault, 958 A.2d 620, 623 n. 4 (R.I.2008).