Shayna DeCESARE

v.

George W. DELFARNO.

Nos. 2014–36–APPEAL, 2014–37–APPEAL.

Supreme Court of Rhode Island.

April 9, 2015.

Stephen A. Robinson, Esq.

Karen Auclair Oliveira, Esq., Frank J. DiBiase, Esq.

## ORDER

Before the Court are the consolidated appeals of the plaintiff, Shayna DeCesare (DeCesare or plaintiff), from two Family Court orders involving George W. Delfarno (Delfarno or defendant), the father of the parties' minor child (S.D. or minor child).[1] Pursuant to an order directing the parties to appear and show cause why the

---

1. We will refer to the minor child by her     initials to respect her privacy.

issues raised in these appeals should not be summarily decided, this Court heard oral arguments on March 4, 2015. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we deny and dismiss the plaintiff's appeals.

These matters stem from a miscellaneous petition plaintiff filed in May 2001, seeking to establish custody, visitation, and child support for the minor child of the parties, S.D., who was born on November 15, 2000. On September 25, 2001, a justice of the Family Court ordered defendant to pay $109 per week directly to plaintiff as child support for S.D. Over the next three years, plaintiff filed many more motions, either to adjudge defendant in willful contempt or to suspend visitation. On March 9, 2005, plaintiff filed yet another motion to adjudge defendant in willful contempt on the ground that his support payments were sporadic and insufficient pursuant to prior Family Court orders. On June 15, 2005, a Family Court justice recalculated defendant's child support obligation to $154.08 per week and ordered the parties to "continue to share equally the cost of any uninsured medical, dental orthodontia, eye care, counseling, or any related medical or dental expenses for the minor child * * *." Although a contempt motion precipitated the order, defendant was never adjudged in contempt.

On March 11, 2013, after nearly eight more years of motions filed by plaintiff and a failed attempt at court-ordered mediation, a special master was appointed pursuant to Rule 53 of the Family Court Rules of Procedure for Domestic Relations.[2] The special master was appointed to investigate each party's compliance with the June 15, 2005 order, as well as to:

> "[D]etermine the dollar amount of uninsured health care costs incurred by each party and the dollar amount of all reimbursements made by each party to the other party for their daughter's uninsured health care costs, as provided in the Court Order; to determine the balance, if any, owed by either party to the other for reimbursement of their daughter's uninsured health care costs; and to provide a report of his findings to the Court."

The special master presented his findings on June 26, 2013. The report acknowledged that the intention of the parties was to divide equally the uninsured, out-of-pocket medical expenses incurred for the minor child. Having sorted through a decade of documentation concerning the child's medical expenses, the special master determined that plaintiff had produced a total of $9,247.70 in reimbursable out-of-pocket medical expenses since 2003, with defendant owing half, or $4,623.85, of that total. The special master noted that plaintiff sought reimbursement for co-payments, deductibles, diagnostic testing and lab work, prescriptions, over-the-counter medications, hospital bills, dentist visits, an orthodontist evaluation, and orthodontics. Finally, the special master explained that over-the-counter products like moisturizers were not to be included as out-of-pocket medical expenses.

On September 25, 2013, a Family Court justice (the hearing justice) entered an order indicating that the special master's

**2.** Some of the motions were filed by the Office of Child Support Services (OCSS) on plaintiff's behalf.

report and findings were "accepted as presented and found to be conclusive upon the parties." In rejecting plaintiff's claims for reimbursement of over-the-counter medications and attorney's fees, the hearing justice ordered that defendant pay plaintiff the $4,623.85 total for his one-half share of the out-of-pocket medical expenses incurred on behalf of S.D. There were no objections to this order. On October 15, 2013, in response to plaintiff's contention that, among other things, she should be entitled to reimbursement for over-the-counter medical expenses, the hearing justice entered an order reaffirming approval of the special master's report, reiterating that such medications were not provided for in the June 15, 2005 order. He also ordered that defendant pay an additional $10 per week towards the minor child's $1,040 annual uninsured healthcare costs.

The plaintiff filed separate notices of appeal on October 11, 2013 and November 1, 2013, which were designated as appeals of the orders entered on September 25, 2013. and October 15, 2013. The defendant filed a motion to consolidate the appeals, which this Court granted on August 14, 2014.[3]

Before we reach the merits of the plaintiff's claims, we must first determine if the appeals are properly before us. General Laws 1956 § 14–1–52(b) expressly provides that this Court may review "a finding of contempt for failure to pay alimony or child support * * * by petition for certiorari * * *."[4] In *Poisson v. Bergeron,* 743 A.2d 1037 (R.I.2000), we determined "that the 'statute clearly delineates [that] the sole method of securing appellate review' [for a finding of contempt] is by petition for writ of certiorari." *Id.* at 1038 (quoting *Bonney v. Bonney,* 695 A.2d 508, 510 (R.I. 1997)). Furthermore, a finding of contempt triggering the statute exists "irrespective of whether a finding of contempt was actually made or, * * * was denied." *Id.* Here, while the defendant was never adjudged in contempt, these appeals clearly resulted from the 2005 filing for contempt.[5] As such, a petition for certiorari is the only proper vehicle for bringing these claims before this Court.

Accordingly, we deny and dismiss the plaintiff's appeals.[6]

---

3. In her Rule 12A statement, plaintiff acknowledged that her first appeal was intended to be an appeal of the September 25, 2013 order, and her second appeal was of the orders entered April 24, 2013 and June 26, 2013. Noting that the April 24, 2013 order was actually entered on July 2, 2013, she conceded that any appeal of that order was untimely. She requested, then, that this Court treat the November 1, 2013 notice of appeal as a timely appeal of the October 15, 2013 order.

4. General Laws § 14–1–52(b) provides, in pertinent part:

"Every person aggrieved by any decree * * * of the family court relating to modification of alimony or of child support, or a finding of contempt for failure to pay alimony or child support, may, within twenty (20) days * * * seek review * * * in the supreme court by petition for writ of certiorari * * *."

5. There were at least thirteen motions to hold defendant in willful contempt filed by plaintiff or OCSS between 2002 and the time these appeals were filed.

6. While we note that the statute also requires a petition for writ of certiorari on review of modification of child support, in light of our holding regarding the contempt prong of § 14–1–52(b), we deem it unnecessary at this time to determine whether out-of-pocket medical expenses fall within the definition of child support.