**Supreme Court**
No. 2015-143-Appeal.

John Hall Lahoud, Jr.        :

v.        :

Alicia Carvalho.        :

**O R D E R**

The plaintiff, John Hall Lahoud, Jr. (plaintiff or Lahoud), appeals from an order of the Washington County Family Court adjudicating child support arrearages owing to the defendant, Alicia Carvalho (Carvalho).[1] The order emanated from Carvalho's motion to find Lahoud in willful contempt for his failure to pay these arrearages. This matter came before the Supreme Court on February 25, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the oral argument of Carvalho[2] and reviewing the written submissions of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we deny and dismiss the plaintiff's appeal and affirm the order of the Family Court.

The facts of this case are gathered from the findings of several justices of the Family Court, to whom this particular matter is not at all unfamiliar. Lahoud and Carvalho, United States citizens and parents to one minor child, were married in the Guanacaste province of Costa Rica on November 20, 2007. The sunny side of the story unfortunately ends there, however,

---

[1] Although each party was originally represented by counsel, each is presently self-represented before us.

[2] This Court notes that Lahoud did not attend the oral argument that was scheduled for February 25, 2016.

- 1 -

because three years later, the parties submitted an uncontested divorce agreement before a notary public in Costa Rica; and, in April 2011, a divorce decree was entered in the Santa Cruz Family Court. The decree provided, inter alia, that Lahoud would pay Carvalho $400 per month in child support, except for the months of December and January, when Lahoud would pay $800 per month.

Carvalho and the child subsequently moved to Rhode Island, where they resided for several years before Lahoud also moved here and filed the instant action on April 22, 2013. Lahoud sought to convince the Washington County Family Court to enforce the parties' Costa Rican divorce decree and ensure his visitation rights with the child as delineated thereunder. In response, Carvalho filed an affidavit and three separate motions, the most relevant of which was for child support arrearages in the amount of $11,150. The parties, at that point each represented by counsel, entered into a stipulation agreeing that Rhode Island "accepts jurisdiction of this matter" and "shall be the home state of the minor child of the parties."

A hearing on the motions commenced on September 4, 2013. The hearing justice ordered, among other things, that Lahoud provide proof to Carvalho of any modified child support court orders from Costa Rica before October 25, 2013 and continued the remaining matters until that date. Nonetheless, Lahoud failed to meet the Family Court's deadline, despite apparently being in possession of an order dated October 23, 2013 from a Costa Rican court that stated "Lahoud * * * does not owe any sum for Child Support" as of April 2013.

What resulted afterwards was an eruption of proceedings on the issues of custody and visitation;[3] and, on May 21, 2014, the Family Court held a hearing on various motions filed by

---

[3] This includes Carvalho's motion to modify custody and parenting time, seeking sole custody of their child, to which Lahoud objected, and Lahoud's motion for continuance. After a hearing on October 25, 2013, another Family Court justice continued the matter, including all pending

each party.  While Lahoud was not present at the May 21, 2014 hearing, he was still represented by counsel.[4]  At that hearing, the hearing justice made several findings of fact, including that Lahoud owed Carvalho $16,650 in child support arrearages.  Lahoud did not seek review of that order, and, at Lahoud's request, his attorney subsequently withdrew.  Thereafter, Lahoud failed to pay the court-ordered arrearages.  Consequently, on July 22, 2014, Carvalho filed a motion to adjudge Lahoud in willful contempt for failure to pay child support, and the Family Court issued a body attachment for Lahoud on July 30, 2014.

The hearing that Lahoud now attacks on appeal was scheduled for March 23, 2015 to determine Carvalho's motion to adjudge Lahoud in willful contempt.  On that date, the hearing justice heard testimony from the now self-represented parties[5] and Lahoud attempted to introduce, for the first time, the order of the Costa Rican court.  After hearing sufficient testimony to understand the positions of both parties, the hearing justice made several findings, including:  (1) certain payments Lahoud made to Carvalho while they were residing in Costa Rica were unrelated to child support; (2) while Carvalho indeed filed for child support in Costa Rica, she had no notice of the Costa Rican proceeding that ultimately resulted in the order stating that Lahoud was not in arrears; and (3) Lahoud had actual notice of the Rhode Island proceeding on May 21, 2014, which resulted in the order adjudicating him $16,650 in arrears for unpaid child support.  Accordingly, the hearing justice issued a bench decision recalculating the support

---

motions, until a hearing could be held on January 8, 2014.  On that date, the hearing justice granted Carvalho's motion for sole custody without prejudice, and once again continued the remaining outstanding motions for a hearing on May 21, 2014.

[4] It is at this hearing, Lahoud alleges, that his attorney had the Costa Rican order, among other documents, in his possession and failed to submit it to the Family Court.  However, this Court was unable to review the transcript of that hearing because Lahoud did not offer a transcript to this Court.  This Court has frequently warned that an appellant's "failure to order [a] transcript is * * * 'risky business' * * *."  Vogel v. Catala, 63 A.3d 519, 522 (R.I. 2013) (quoting Bergquist v. Cesario, 844 A.2d 100, 105 (R.I. 2004)).

[5] At Carvalho's request, her attorney withdrew in January 2015.

arrearages to $20,750 in light of Lahoud's continued nonpayment and entered an order to that effect. Lahoud filed a notice of appeal three days later.

Before we can reach the merits of Lahoud's claim, we must first determine whether the matter is properly before this Court. Under G.L. 1956 § 14-1-52(b), this Court reviews "a finding of contempt for failure to pay * * * child support * * * by petition for writ of certiorari * * *." This Court has repeatedly recognized "that the statute clearly delineates [that] the sole method of securing appellate review [for a finding of contempt] is by petition for writ of certiorari." DeCesare v. Delfarno, 112 A.3d 714, 716 (R.I. 2015) (mem.) (quoting Poisson v. Bergeron, 743 A.2d 1037, 1038 (R.I. 2000)). "Furthermore, a finding of contempt triggering the statute exists 'irrespective of whether a finding of contempt was actually made or, * * * was denied.'" Id. (quoting Poisson, 743 A.2d at 1038).

In the case before us, Lahoud appeals from an order of the Family Court that, although it did not explicitly find him in willful contempt, nevertheless resulted from Carvalho's motion to adjudicate Lahoud as such. Indeed, the hearing Lahoud challenges was unmistakably scheduled for March 23, 2015 on Carvalho's motion to find him in willful contempt. Just as this Court reiterated in DeCesare, even if the hearing justice does not adjudicate the merits of a motion for contempt, our review of an order "result[ing] from the * * * filing for contempt" can come before this Court only if the "vehicle for bringing [the] claim[]" is by a petition for certiorari. DeCesare, 112 A.3d at 716. As such, cases arriving at this Court by appeal must be dismissed for employing an incorrect vehicle for review. Id. There is no substitute.

In this instance, Lahoud did not bring his case to this Court by a petition for certiorari, but instead chose to seek review by appeal. In so doing, Lahoud has attempted to drive a bus on

the railroad tracks.  Having chosen the wrong procedural vehicle to bring his claim before this Court, we deny and dismiss the plaintiff's appeal.[6]

Entered as an Order of this Court, this 30th day of March, **2016**.

By Order,

_____/s/_____
Clerk

---

[6] We pause to note that, even if Lahoud had chosen the proper appellate vehicle, his arguments are riddled with problems.  Most notably, he did not introduce the Costa Rican order at the May 21, 2014 hearing where he was adjudged to be in arrears.  Nor did he seek review of the order adjudicating him as such.  Those who fail to seek review of an order "cannot * * * defend [their] misconduct by asserting collaterally that the order was invalid."  Brown v. Brown, 114 R.I. 117, 122, 329 A.2d 200, 203 (1974).



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    John Hall Lahoud, Jr. v. Alicia Carvalho.

**CASE NO:**    No. 2015-143-Appeal.
(PUCCA-537)

**COURT:**    Supreme Court

**DATE ORDER FILED:**    March 30, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Washington County Family Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Stephen J. Capineri

**ATTORNEYS ON APPEAL:**

    For Plaintiff:   John H. Lahoud, Jr., Pro Se

    For Defendant:   Alicia Carvalho, Pro Se