March 18, 2020

**Supreme Court**

No. 2018-83-Appeal.
(P 11-576)

|  |  |  |
|---|---|---|
| Nadine Evans | : | |
| v. | : | |
| Matthew Evans. | : | |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Nadine Evans                    :

v.                              :

Matthew Evans.                  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Matthew Evans, appeals from an order of the Family Court denying what he characterized as a motion to receive a child support credit for Social Security Disability Insurance (SSDI) benefits that are paid directly to his former wife, the plaintiff, Nadine Evans, for care of their child.  The case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  In that show cause order, we directed the parties to address whether the case was appropriately before this Court as an appeal.  After hearing the arguments of counsel and after thoroughly examining the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, the appeal is denied and dismissed.

# I

## Facts and Travel

Matthew and Nadine married in 2005, had a daughter in 2009, and were divorced in 2011.[1] Because Matthew was, at the time of the marriage, and remains so today, a disabled veteran, Nadine was receiving SSDI benefits for the care of their child even before the couple divorced.

In the Family Court divorce proceeding, Nadine acknowledged that she was receiving those benefits on the statement of assets, liabilities, income, and expenses that she filed with the court.[2] Although Matthew, in response to Nadine's Motion for Temporary Allowances, asserted that Nadine was not "in need of support from [him] and [Nadine] receives $397.00 a month from Social Security as a dependency benefit for the minor child of the parties[,]" he nonetheless soon thereafter agreed to pay "child support in the amount of $176.00 per week, or $756.80 per month," and an order entered to that effect. That agreement was reflected a second time in the decision pending entry of final judgment on the parties' nominal divorce and again when the final judgment was ultimately entered. The final judgment said: "[Matthew] shall pay child support Order as presently in effect in the amount of $176.00 per week or $756.80 per month."

However, the entry of final judgment did not put the issue of child support to bed. In 2015, Nadine sought an order of contempt against Matthew for failure to pay child support after Matthew reduced his child support payments because Nadine was receiving the SSDI benefits. Matthew's objection to the contempt motion was unavailing, and he was ordered to continue to pay the same amount and to pay the arrearage caused by his unilateral reduction of his child support obligation,

---

[1] We refer to the parties by their first names for purposes of clarity only. No disrespect is intended.
[2] That form is designated a "DR-6" by the Family Court.

as well as attorneys' fees.  Significantly, Matthew never sought review from this Court of any support order.

Child support was addressed again in 2017, when Matthew filed a motion to modify the amount of child support the court had ordered him to pay.  In that motion, Matthew asserted that there had been a substantial change in circumstances and that "[Nadine]'s DR-6 reflects that she is currently receiving $356 a month in the form of SSDI dependents benefits on behalf of the minor child by virtue of the Defendant['s]" disability status.  He argued that the parties' financial situations had changed since the last order was calculated and that the motion should be granted "to reflect the SSDI dependent benefits being paid to [Nadine.]"

However, two months later, in April 2017, Matthew changed tack and filed a motion for a credit for the SSDI benefits received by Nadine.  In that motion, Matthew argued that the child support order in place "does not reflect that the child support obligations of a noncustodial spouse are to be offset by the Social Security benefits paid to dependent children on behalf of that parent." He sought an order that would permit him to reduce his obligation to "the difference only between his child support order of $756.80 and the benefits received by [Nadine] of $356 a month."  The parties submitted memoranda on the issue, and a bench decision was rendered by a justice of the Family Court in January 2018.

In that decision, the justice determined that, because the child support order was initially entered upon the consent of the parties in 2011, he was unable to provide any relief to Matthew. Moreover, he addressed Matthew's argument that the 2011 final judgment and order was also invalid because the Child Support Guidelines had not been used, stating that he did not "have the right to retroactively modify [the] prior order * * * as it was by consent."  Ultimately, the justice entered an order in Nadine's favor, stating: "That Defendant's Motion for Credit for SSDI

Dependent Benefits Payable to the Plaintiff as Representative of the Minor Child is hereby denied as this court lacks jurisdiction as Defendant has not shown a substantial change in circumstances." Matthew filed a notice of appeal to this Court.[3]

## II

### Discussion

Matthew presents two primary arguments for this Court to consider. He argues that the Family Court's denial of his motion was error because it was inconsistent with our opinion in *Pontbriand v. Pontbriand*, 622 A.2d 482 (R.I. 1993). In that case, we held that we would "allow the child-support obligations of a noncustodial spouse to be offset by the Social Security benefits paid to dependent children on behalf of that parent[,]" and that the obligor need not seek a modification for reduction but must only notify the Family Court "that the support order is being met through different sources." *Pontbriand*, 622 A.2d at 485, 486. Matthew also argues that the existing child support order is invalid because the record is devoid of the Child Support Guideline Worksheet, as is required by law. *See* G.L. 1956 § 15-5-16.2(a); *see also Lembo v. Lembo*, 624 A.2d 1089, 1091 (R.I. 1993).[4]

In *Pontbriand*, we determined that an obligor was entitled to a credit for the amount of social security benefits that were being paid directly to his former spouse for the benefit of the

---

[3] We note that G.L. 1956 § 8-10-3 specifically states that the Family Court will "hear and determine * * * all motions for allowance, alimony, support and custody of children * * * and other matters arising out of petitions and motions relative to real and personal property in aid thereof[.]" Therefore, the Family Court certainly had the *jurisdiction* to hear Matthew's motion. We view the Family Court's order as merely reflecting the view that the justice concluded it would have been error to grant Matthew's motion absent a substantial change of circumstances.

[4] Matthew cites *Lembo v. Lembo*, 624 A.2d 1089 (R.I. 1993), to support his position. However, it is significant that in that case a petition for writ of certiori was filed by the party seeking review immediately following the Family Court justice's decision ordering the obligor to pay child support. *Lembo*, 624 A.2d at 1089-90. No such petition was filed here.

children when the payment of those benefits began *after* the child support order was already in effect. *Pontbriand*, 622 A.2d at 483, 484, 486. We characterized that case as an instance where the obligor was "not seeking a reduction or suspension of the payments but rather a credit for the change in source of payments." *Id.* at 486. To put it simply: The custodial spouse entitled to receive child support in that case would receive the same dollar amount both before and after the credit for social security benefits.

That is not so in this case. The total amount Matthew is obliged to pay in child support is $756.80 per month. That amount was agreed upon in 2011, at a time that Matthew was aware that his former spouse already was receiving SSDI benefits. Thus, granting Matthew the relief he seeks would reduce the amount he is to pay in child support by $356,[5] resulting in Nadine receiving only $400.80 in child support. Therefore, we are of the opinion that, even though Matthew's motion was styled as a motion for credit, it was in fact a motion to modify the amount of child support he is obligated to pay. Indeed, the title a litigant affixes to a motion is not determinative as to what that motion is in fact.[6] *See School Committee of City of Cranston v. Bergin-Andrews*, 984 A.2d 629, 649 (R.I. 2009) (treating a motion to "reconsider" as a motion to vacate).

However, matters relating to the modification of child support are not appealable. Under our law, a party seeking review of an order relating to the modification of child support must do so by petition for a writ of certiorari. General Laws 1956 § 14-1-52(b). Matthew did not file such

---

[5] We use the number $356 as reflecting the amount that Nadine currently receives in the form of SSDI benefits because that is the number that Matthew used when he filed his motion for credit, and he appealed from the order denying that motion. Nevertheless, we are cognizant that Matthew has asserted in his supplemental memorandum that Nadine receives $397 in SSDI benefits. Whatever the present number is in fact has no bearing on our analysis.

[6] We fondly recall the late Rhode Island Supreme Court Justice John P. Bourcier, who aptly applied wit to the law, when he said: "Labeling a cat a dog certainly will not cause a cat to bark." *Cohen v. Harrington*, 722 A.2d 1191, 1195 (R.I. 1999); *see also In re Advisory Opinion to House of Representatives (Casino II)*, 885 A.2d 698, 707 n.8 (R.I. 2005).

a petition, and no extreme circumstances exist that would justify a departure from our rule. *See Fischer v. Walker*, 874 A.2d 737, 737 (R.I. 2005) (mem.) ("[W]e will consider only those matters that are properly before us, pursuant to § 14-1-52(b) and, only in the rarest of circumstances, will we allow any deviation from the required procedure." (quoting *McKenna v. Guglietto*, 683 A.2d 369, 369 (R.I. 1996) (mem.))); *Africano v. Castelli*, 837 A.2d 721, 729 (R.I. 2003) ("Only in extreme circumstances will this Court depart from this procedure."). This appeal is therefore not properly before this Court, and we decline to reach the merits.[7]

### III

### Conclusion

For the reasons set forth in this opinion, the appeal is denied and dismissed. The papers shall be returned to the Family Court.

---

[7] Even had Matthew's case been properly before this Court, we see no merit to his arguments. *See Pontbriand v. Pontbriand*, 622 A.2d 482, 486 (R.I. 1993) ("There is a distinction between crediting an obligation with payment made from another source and increasing, decreasing or terminating, or otherwise modifying a specific dollar amount." (quoting *Board v. Board*, 690 S.W.2d 380, 381 (Ky. 1985))).

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Nadine Evans v. Matthew Evans. |
| **Case Number** | No. 2018-0083-Appeal. <br> (P 11-576) |
| **Date Opinion Filed** | March 18, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer From Lower Court** | Associate Justice John E. McCann, III |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> James J. Bagley, Esq. <br> Lauren E. Jones, Esq. <br> Robert S. Thurston, Esq. |
| | For Defendant: <br><br> Christopher D. Turco, Esq. <br> Don P. Moyer, Esq. |