Julio RAMOS

v.

Violeta GRANAJO.

No. 2002–567–Appeal.

Supreme Court of Rhode Island.

May 30, 2003.

Desiree M. Santilli, North Kingstown, Christopher E. Fay, Cranston, for Plaintiff.

Sharon E. Collins–Abbott, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ, and WEISBERGER, C.J. (ret.).

## OPINION

PER CURIAM.

The plaintiff, Julio Ramos, has appealed the entry of summary judgment in favor of the defendant, Violeta Granajo, arguing that the trial justice erroneously concluded that the defendant was entitled to judgment as a matter of law. This case came before the Supreme Court for oral argument on May 7, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the parties' memoranda, and the oral arguments of counsel, we conclude that cause has not been shown. We affirm the judgment entered in the Superior Court.

After falling from a second-floor balcony, plaintiff brought a negligence action in Providence County Superior Court against defendant, the landlord-owner of the premises where plaintiff was injured. The cause of plaintiff's injury was undisputed. On June 21, 1997, plaintiff was helping his cousin move out of a second-floor apart-

ment. He positioned himself on the outer side of the second-floor balcony railing, his feet between its spindles, in order to pass furniture to a friend on the ground below. While perched in this precarious position, plaintiff held onto the railing with one hand, and used his other hand to move the furniture. The reason for this method of removing the furniture was that many pieces were too large to be taken down the stairs. After approximately an hour of moving furniture in this manner, plaintiff heard some cracking and felt the railing giving way. He released the furniture and attempted to grab onto the railing with both hands, but the spindles broke, and plaintiff fell to the ground.

In plaintiff's complaint, he alleged that defendant willfully or negligently failed to maintain, inspect, and repair the premises. The defendant moved for summary judgment, arguing that plaintiff had presented no evidence of failure to maintain. The trial justice agreed and, finding that defendant breached no duty to plaintiff, entered summary judgment in favor of defendant.

This Court reviews a trial justice's decision to grant summary judgment *de novo*. We will affirm a summary judgment only if we determine that the admissible evidence, when viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and if we conclude that the moving party is entitled to judgment as a matter of law. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996).

■ A landlord owes a duty to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." General Laws 1956 § 34–18–22(a)(2). *See Errico v. LaMountain*, 713 A.2d 791, 793 (R.I.1998) (this statutorily imposed duty supersedes the immunity landlords once enjoyed under the common law from liability for failing to maintain the premises in a fit and habitable condition). Thus, defendant owed a general duty to maintain the premises in a reasonably safe condition.

The defendant conceded that she owed this general duty of care but maintained in her motion for summary judgment that there was no evidence to establish a breach. The defendant instead offered evidence that the balcony was newly constructed when she bought the property in 1991; that she had been on the balcony within seventy-two hours of the incident and had not noticed any defects; and that she had received no notice of any defective conditions on the balcony.

■ The plaintiff, as the party opposing summary judgment, bore the burden of proving by competent evidence the existence of a disputed material issue of fact. *Accent Store Design, Inc.*, 674 A.2d at 1225. The plaintiff failed to meet this burden, resting on an allegation that the construction of the apartment building made it "foreseeable [that] tenants moving in and out * * * would use the balcony for the purpose of which it was being used on this particular day * * *." Yet plaintiff offered no evidence that this was a common practice engaged in by tenants of this building. More importantly, plaintiff offered no evidence that the balcony was not properly maintained or that defendant had notice of any defect. This bare allegation created no question of fact about whether the balcony was properly maintained. *Cf. Errico*, 713 A.2d at 794 (holding that the defendant landlord had notice of a balcony's defective condition because the spindles appeared to be rotten and photographs of the balcony "substantiated the railing's visible deterioration"). Consequently, plaintiff failed to raise a triable issue of fact by competent evidence and summary judgment was appropriate in this case.

We find the plaintiff's argument that his use of the balcony to move furniture was foreseeable and thus created a duty to "warn the tenant that this would not be a prudent way of moving furniture * * * " to be without merit. The plaintiff offered no evidence that other tenants had used the balcony to move furniture or that moving furniture in this manner was a common practice for this type of building. As the trial justice aptly observed, the dangers of using a balcony in this fashion were "pretty obvious." The creation of a duty to warn in this case would unduly expand the scope of the duty imposed by § 34–18–22(a)(2), for, as we have explained, a landlord does not ordinarily have a duty to "warn [her] adult tenants of a condition in the portion of the premises used in common by them which is obviously dangerous." *Reek v. Lutz*, 90 R.I. 340, 344, 158 A.2d 145, 147 (1960).

The plaintiff's appeal is denied and dismissed. The entry of summary judgment in favor of the defendant is affirmed. The papers in this case may be remanded to the Superior Court.

Justice FLAHERTY did not participate.