DECISION
This case is before the Court on defendant, Burrillville Racing Association, Inc., d/b/a Lincoln Park's[1] (hereinafter Burrillville Racing Association or Lincoln Park) motion for summary judgment. Each party submitted memoranda. Argument was presented to the Court on June 21, 2003. This matter is before the Court pursuant to the jurisdiction granted in R.I.G.L. 1956 § 45-24-71.
 THE SUMMARY JUDGMENT VEHICLE
It is unusual for a zoning appeal to be considered on a motion for summary judgment, but here it appears particularly appropriate:
 1. The plaintiffs are challenging passage of a zoning ordinance, per R.I.G.L § 45-24-71. Accordingly, unlike a zoning appeal where the court may question what was proffered at a zoning board hearing, here there is virtually no evidence to dissect.
 2. The plaintiffs do not dispute any issues of fact. Rather, at the motion argument, they concur that the issues before the Court, at this stage, are purely issues of law. While they reserve their rights to raise issues of fact at any future trial, they acknowledge they are not challenging any facts now, they merely question whether the moving party is entitled to judgment as a matter of law.
 3. The Rhode Island Rules of Civil Procedure are applicable given their broad scope. (R.C.P. 1.) While other types of appeals are subject to special provisions or exemptions, zoning appeals are not specifically exempted from the Rules of Civil Procedure. (R.C.P. 81.)
 4. The rules are to be applied for the "just, speedy and inexpensive determination" of cases. (R.C.P. 1.) Hence, if the case can be resolved by summary judgment, the parties should not be forced through the toil or expense of trial.
 5. The defendant moved for summary judgment providing extensive supporting documents. The table is set.
 THE SCOPE OF REVIEW
In 1991, the General Assembly revamped our state's zoning laws with the passage of R.I.G.L. § 45-24-71, commonly referred to as the Zoning Enabling Act of 1991. The Legislature clearly delineated the procedure for this Court's review of a zoning ordinance:
 (a) An appeal of an enactment of or an amendment to a zoning ordinance may be taken to the superior court for the county in which the municipality is situated by filing a complaint within thirty (30) days after the enactment or amendment has become effective. The appeal may be taken by an aggrieved party or by any legal resident or landowner of the municipality or by any group of residents or landowners whether or not incorporated, of the municipality. The appeal shall not stay the enforcement of the zoning ordinance, as enacted or amended, but the court may, in its discretion, grant a stay on appropriate terms, which may include the filing of a bond, and make other orders that it deems necessary for an equitable disposition of the appeal.
 (b) The complaint shall state with specificity the area or areas in which the enactment or amendment does not conform with the comprehensive plan and/or the manner in which it constitutes a taking of private property without just compensation.
 (c) The review shall be conducted by the court without a jury. The court shall first consider whether the enactment or amendment of the zoning ordinance is in conformance with the comprehensive plan. If the enactment or amendment is not in conformance with the comprehensive plan, then the court shall invalidate the enactment or the amendment, or those parts of the enactment or amendment which are not in conformance with the comprehensive plan. The court shall not revise the ordinance to conform with the comprehensive plan, but may suggest appropriate language as part of the court decision.
 (d) In the case of an aggrieved party, where the court has found that the enactment or amendment of the zoning ordinance is in conformance with the comprehensive plan, then the court shall next determine whether the enactment or amendment works as a taking of property from the aggrieved party. If the court determines that there has been a taking, the court shall remand the case to the legislative body of the municipality, with its findings that a taking has occurred, and order the municipality to either provide just compensation or rescind the enactment or amendment within thirty (30) days.
 (e) The superior court retains jurisdiction, in the event that the aggrieved party and the municipality do not agree on the amount of compensation, in which case the superior court shall hold further hearings to determine and to award compensation. The superior court retains jurisdiction to determine the amount of an award of compensation for any temporary taking, if that taking exists.
 (f) The court may, in its discretion, upon the motion of the parties or on its own motion, award reasonable attorney's fees to any party to an appeal, including a municipality.
 CONFORMITY WITH THE COMPREHENSIVE PLAN
The Court's first task, per the review process set by statute, is to determine "whether the enactment or amendment of the zoning ordinance is in conformance with the comprehensive plan." R.I.G.L. § 45-24-72(c).
Making their argument precise, the plaintiffs note, at argument, that only one portion of the zoning ordinance is contrary to the provisions of the Comprehensive Plan. They reference only Section ED-13 as needing review by the Court at this time. ED-13 states:
 The Lincoln Downs site should be designated as an Area of Local Planning Concern. Although the current use of paramutual racing is strongly encouraged to continue, the Town proposes below general development standards for any potential future use of the site. The standards are as follows:
 1. Any future use of the site should decrease, not maintain or increase, the current impacts that the track has on surrounding residential areas.
 * * *
In its motion for summary judgment, the Burrillville Racing Association submitted an affidavit by Joseph D. Lombardo, AICP, a professional land use planner with significant certifications, experience and education. He attests that the 2001 amendments are consistent with the Comprehensive Plan. Though the statement is conclusory, he provides a basis for the conclusions, advising that the 2001 amendments would change Lincoln Park from a nonconforming use to a legal use and the buffer zone is consistent with the Plan. More significant, however, is his interpretation that the Comprehensive Plan does not require elimination of the current activities at the site.
During oral argument, the same point was raised. Plaintiffs questioned whether the amendments could expand applicants' rights, although the Plan intended that the gaming operation was to be eliminated. In doing so, plaintiffs misconstrued the express language of the Plan. Section ED-13 does not require the elimination of gambling, but a decrease in impact on the surrounding residential areas. This decrease in impact is necessary only when the use of the site is modified.
The party opposing a summary judgment motion may not rest upon mere allegations or denials in its pleadings and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Ouimette v. Moran, 541 A.2d 855, 856 (1988). "The plaintiff, as the party opposing summary judgment, bore the burden of proving by competent evidence the existence of a disputed material issue of fact."Ramos v. Granajo, 822 A.2d 936, 938 (R.I. 2003) (quoting Accent StoreDesign, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996)).
Here, the Burrillvillle Racing Association has met its initial burden. Plaintiffs have acknowledged that there is no issue of fact; hence, the only question remaining is whether "the moving party is entitled to judgment as a matter of law." (R.C.P. 56.)
Plaintiffs claim the moving party must establish, on a motion for summary judgment, that the impacts resulting from the future use of Lincoln Park will decrease. They have confused both the burden and the language of the Comprehensive Plan. In the absence of material issues of fact, there remains only a question of law for the Court to decide. Eramov. Condoco, 655 A.2d 697, (1995). Therefore, it is appropriate on summary judgment for the Court to construe the language of the ordinance. The Comprehensive Plan does not mandate the elimination of gaming, but a decrease of the current impact on the surrounding area. (Lincoln Comprehensive Plan, Action Strategies Report, Section ED-13). In a letter dated June 27, 2001, the Lincoln Town Planner concludes that the proposed ordinance was consistent with the Plan. Armed with 5 this recommendation, the local planning board recommended approval and the town council enacted the amendment. All of these documents are appended to defendant's affidavit of Sue P. Sheppard.[2] All are uncontradicted.
As a general principle, amendments to zoning ordinances are presumed valid. If the amendment reasonably relates to the public health, safety or welfare, then the comprehensive plan remains intact and the amendment is valid. Skelley v. Zoning Bd. of Review of Town of South Kingstown,569 A.2d 1054, 1058 (R.I. 1990) (citations omitted). Faced with the motion for summary judgment, pending for over two months, plaintiffs produced no affidavits in opposition and failed to indicate any contradictory proof in the discovery material. As the moving party came forth with affirmative testimony that the ordinance was consistent with the Plan, it was incumbent upon plaintiffs to establish the deficiency of the ordinance. By conceding no question of material fact, plaintiffs narrowed the issues for the Court.
Plaintiffs proffer that the ordinance is inconsistent as a matter of law as it continues to allow gambling at the site. Each of the parties has briefed the history of the zoning ordinances at length. In 1994, a proposed ordinance restricted the types of gambling games allowed, expanded the buffer zone and otherwise limited the facility. The Lincoln Planning Board approved one version of the ordinance while the Council adopted another. The 2001 amendment (the subject of this litigation) was an attempt toward resolution. The Lincoln Planning Board approved the passage of the 2001 proposal.
The 2001 zoning ordinance permits gaming by special permit in a CR2 district only, provides for meeting facilities and off-street parking in a CR2 district, limits the types of gambling, and sets height restrictions and minimum setbacks from residential districts. Section 4 of the ordinance specifies that the gaming uses may only function at the inner core of the lot, while supportive but non-gaming uses extend into the surrounding buffer.[3] The most exterior portion of the lot is preserved for off-street parking. In sum, the ordinance sets forth an organized methodology to control and limit the gambling area and to buffer the use from the residential areas. Thus, the language is consistent with the Plan's goal to decrease "the current impacts that the track has on surrounding residential areas."
Defendant's expert added to the mix by his extensive affidavit reviewing the amendments and their effects on the neighborhood. "By preparing for this theoretical occurrence," Mr. Lombardo states, the ordinance "specifies that any potential future uses should be complementary to the area. . . ." Lombardo affidavit, p. 3.
Finally, by passage of the ordinance, the Town Council itself concluded in Section 7 that the amendments are "consistent with the Comprehensive Plan. . . ."
The defendants have clearly met their burden on summary judgment, establishing an absence of issues of material fact, and their entitlement to judgment as a matter of law. (R.C.P. 56(b).)
The next step in the statutory review process is for this Court to "determine whether the enactment or amendment works as a taking of property from the aggrieved party." R.I.G.L. § 45-24-71(d). The Court only needs to reach this issue, if it has found the zoning ordinance is inconsistent with the master plan.
 A TAKING
Not only have the plaintiffs conceded that they raise no question of fact, but they also stipulate, for purposes of this motion, that there was no taking. In Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) the high court clarified that a taking occurs (when there is no physical invasion onto the property) only when the government action constitutes a "deprivation of all economically feasible use" of one's property. (Footnote 7). Specifically, the United States Supreme Court rejected the lower court's ruling that a harmful or noxious use would suffice to constitute a taking, labeling that interpretation as "simply the progenitor of our more contemporary statements." Lucas, at 1024. 2897, 818. Clearly, plaintiffs have not attempted to surmount this substantial burden. The expansion is on the defendant's property only, there is no physical invasion. Further, the plaintiffs' uses continue, seemingly unchanged. They can and will still reside in their homes (the alleged affected property) with minimal, if any change.
Unable to establish that the zoning amendment is inconsistent with the Comprehensive Plan, or that the passage of the amendment will constitute a taking, the plaintiffs' claims challenging the ordinance must fail.
 A REVIEW OF THE COMPLAINT
As the ordinance is consistent with the Comprehensive Plan, a review of the Counts raised in the complaint is the court's next step in deciding the summary judgment motion.
Count One alleges that the town employed an illegal procedure to enact the ordinance. The plaintiffs never raised the issue in response to the defendant's motion. The issue was not addressed in plaintiffs' memorandum or at hearing.
The Burrillville Racing Association detailed the procedure by which the town adopted its ordinance. The affidavit of Sue P. Shepard, presently the Town Administrator, who served as the town clerk during the passage of the ordinance, details the process by which the town of Lincoln enacted the zoning amendment. Again, Roby Associates, Inc. v. Ferranti,supra, holds that zoning ordinances are presumed valid. The affidavit of Ms. Sheppard underscores the propriety of the town's actions. The nonmoving party has not raised issues of fact or law relative to the process, or in support of Count One. Accordingly, summary judgment is granted to defendants with respect to Count One.
Count Two of the complaint alleges that the ordinance is inconsistent with the Comprehensive Plan. Specifically, the ordinance fails to limit development, fails to ensure that future use will decrease and otherwise is insufficient. (Amended Complaint, §§ 23- 26.) For the reasons stated above, the ordinance is deemed consistent with the Plan and summary judgment is granted to defendants with respect to Count Two.
Count Three of the complaint requests a stay of enforcement of the ordinance. There is no need for a stay of an ordinance which is deemed proper, as indicated above. Summary judgment is granted to the defendants with respect to Count Three.
Count Four is a different animal, and one which went ignored in briefing and at hearing. In Count Four, plaintiffs allege that the defendants have created a nuisance. This Count sounds in tort, and is not dependent on a challenge to the ordinance.
 Actionable nuisances fall into two classifications, public and private. A private nuisance involves an interference with the use and enjoyment of land. It involves a material interference with the ordinary physical comfort or the reasonable use of one's property. A public nuisance is an unreasonable interference with a right common to the general public: it is behavior that unreasonably interferes with the health, safety, peace, comfort or convenience of the general community. Citizens for Preservation of Waterman Lake v. Davis, 420 A.2d 50, 59 (R.I., 1980) (citations omitted).
On a motion for summary judgment a proponent must demonstrate that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact. Palmisciano v. Burrillville RacingAssociation, 603Ad 317 (R.I. 1992). It is challenging to foresee how an ordinance, not yet relied upon, may cause such an interference. However, here the moving party has not discussed the use and enjoyment of plaintiffs' properties at all, hence summary judgment is denied without prejudice with respect to Count Four.
 CONCLUSION
Summary judgment is granted in favor of the defendants with respect to Counts One, Two and Three. Summary judgment is denied without prejudice in respect to Count Four.
Counsel shall submit the appropriate judgment for entry by the Court.
[1] Burrillville Racing Association, Inc., d/b/a Lincoln Park's Motion to Intervene as a party defendant was granted on June 14, 2002.
[2] This affidavit also certifies copies of documents pertaining to a proposed 1994 zoning ordinance. The proposed 1994 zoning ordinance was certified by the planning board as being consistent with the Comprehensive Plan, but the council approved a different ordinance.
[3] A map appended to the ordinance divides the lot into concentric zones.