Gary Lemont                :

v.               :

Estate of Mary Della Ventura.      :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Gary Lemont                                      :

v.                                      :

Estate of Mary Della Ventura.              :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**    The plaintiff, Gary Lemont, appeals from a Superior Court judgment in favor of the defendant, the Estate of Mary Della Ventura.[1]   The plaintiff filed a negligence suit after falling and sustaining injuries while on the defendant's property; and, following a jury trial, the jury returned a verdict finding the defendant to be 65 percent negligent.   The trial justice, however, subsequently granted the defendant's motion for judgment as a matter of law and motion for a new trial on the grounds that the elements of the plaintiff's negligence claim had not been established by the evidence adduced at trial.   This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.   After considering the parties' written submissions and reviewing the record,[2] we conclude that cause has not been

---

[1] The plaintiff originally filed suit against Mary Della Ventura; however, upon her passing, her estate was substituted as a party.  Phenix Mutual Fire Insurance Company also entered as a substitute party pursuant to G.L. 1956 § 27-7-1, which provides that "the insurer shall be directly liable to the injured party and, in the event of that party's death, to the party entitled to sue for that death, to pay that party the amount of damages for which the insured is liable."  For clarity, we shall refer to Mary Della Ventura, her estate, and the insurer as "defendant."

[2] The parties agreed to waive oral argument and rest upon their written submissions.

shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

On or about September 12, 2003, plaintiff assisted a friend in moving her belongings from a second-floor apartment at 32 Waller Street in Providence. The defendant was the owner of the apartment building at that time. While plaintiff was attempting to maneuver a two-drawer nightstand out of the apartment, into the hallway, and down the stairs, plaintiff fell from a landing area on the second floor onto the first floor. On September 11, 2006, plaintiff filed a complaint in Providence County Superior Court against defendant. In his complaint, plaintiff alleged that, at the time of the incident, defendant knew or should have known of the unsafe and dangerous condition of the property and that she failed to warn plaintiff of the danger. He alleged that he suffered serious injuries as a result of defendant's negligence.

A jury trial began on October 5, 2010. The plaintiff was the first and only witness to testify and he described what occurred on the day of the incident. He testified that, on September 12, 2003, he was helping his friend move some items from her second-floor apartment. The plaintiff said that he had gone up and down the stairs roughly "seven to ten" times carrying boxes down for his friend before he attempted to bring down the two-drawer nightstand. He claimed that he proceeded to drag the nightstand outside of his friend's apartment and towards the doorway and "maneuver it to get it down * * * [the] small, tight spiral staircase" and that he "leaned on the bannister [sic] that was behind [him]." He stated that, "[a]s [he] leaned against the bannister [sic], it cracked and [he] fell * * * downstairs." He explained that the stairs were to his left and that he fell straight "down the drop," meaning that he did not fall

- 3 -

down the stairs, but rather made a direct fall to the first-floor landing. He testified that, as the banister gave way, he pushed the furniture back so that it would not fall with him. At the moment just before the fall, both of his hands were on the nightstand and his backside was leaning against the banister. He denied putting any type of force against the banister to try to break it and instead said that he put "[j]ust a little bit of pressure." He explained that the only reason he touched the railing was because the area was small and he "had no where [sic] else to go."

The plaintiff testified that, after his fall, his friend took him home and that, on the next day, after observing that his wrist was "really swollen[,] * * * [he] knew [he] had to go to the hospital." He proceeded to describe his injuries, which included a broken wrist, strained back, and cut knee, and he described the different treatments he received, including surgery to his wrist. Furthermore, he explained that he was unable to work for a period of time due to his wrist injury and that this injury had a financial and physical impact on his life. He testified that, as of the time of trial, he still felt pain.

On cross-examination, he conceded that he had not checked the railing on the second-floor landing area before he began moving but that he "might have touched it a couple times"—never rattling or shaking it. He testified that he did use the railing on the side of the stairs to help him go up and down the stairs. He acknowledged that the railing was not broken before he started moving, but he also expressed that he did not think he broke it. He recognized that he had simply heard a crack, the banister had broken, and he had fallen through.

At the close of plaintiff's testimony, and outside the presence of the jury, defendant moved for judgment as a matter of law on the basis that there was no evidence to suggest that anything was wrong with the banister or landing, nor was there any evidence that defendant

knew or should have known of a danger or defect. The defendant argued that plaintiff failed to present any evidence that defendant breached her duty of care. The plaintiff strongly opposed the motion, arguing that the elements of negligence had been met. Specifically, plaintiff argued that the trial evidence showed that there was inadequate space to move furniture in and out of the second-floor apartment without having to lean into the banister due to the small size of the landing. The plaintiff insisted that defendant, therefore, had a duty of placing a strong railing and post on the landing and, had she done so, he would not have been injured. The trial justice expressed concern over plaintiff's case, highlighting that "there[] [was] no evidence what the defect was" or that any defect could have been discovered. The trial justice explained that it was "not a per se liability or a strict liability" case; nevertheless, she reserved her decision on defendant's motion until after the jury verdict.

During plaintiff's closing argument, plaintiff proposed that the jury should conclude that the railing was defective by virtue of the fact that it broke when he leaned on it. He also claimed that because the landing was very small, the jury could "assume common sense, that a landlord knew that was a dangerous situation" and had notice of said danger. He claimed that, because the railing was a safety feature, the fact that it "did[] [not] work prove[d] * * * negligence."

After deliberations, the jury returned a verdict in plaintiff's favor. The jury found that "[p]laintiff ha[d] proven by a preponderance of the evidence that his injuries were proximately caused by * * * [d]efendant's negligence," but that defendant had also proven that plaintiff was negligent. The jury calculated plaintiff's damages to total $65,000. The jury assessed 35 percent of comparative negligence to plaintiff and 65 percent to defendant. After apportioning the

comparative negligence of the parties, the jury awarded plaintiff a total of $42,250, plus interest and costs, for a total judgment of $78,101.15.[3]

The defendant subsequently renewed its motions for judgment as a matter of law and for a new trial. The defendant again argued that judgment should enter in its favor "due to * * * plaintiff's failure to introduce any evidence that the railing or stairway was dangerous or defective or that * * * defendant knew or should have known that the railing or stairway was dangerous or defective." Alternatively, defendant argued that a new trial should be granted because the jury's verdict was against the weight of the evidence and failed to do substantial justice and because of plaintiff's purposeful violations of Rule 411 of the Rhode Island Rules of Evidence.[4]

The trial justice issued a written decision on October 13, 2011, granting both of defendant's motions. Although the trial justice could not "discern whether the jury found that [d]efendant was negligent as a result of a defect in the railing, the landing, or both features

---

[3] Although the jury verdict form lists "the amount of the damages awarded to [p]laintiff after adjustment for his comparative negligence" as $65,000, it was later clarified that that amount reflected the amount of damages prior to the adjustment for plaintiff's negligence.

[4] Rule 411 of the Rhode Island Rules of Evidence provides as follows:

> "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, bias or prejudice of a witness, or when the court determines that in the interests of justice evidence of insurance or lack of insurance should be permitted. A party intending to offer evidence of insurance or the lack of it should make an offer of proof of such evidence out of the hearing of the jury. If the court determines that such evidence should be disclosed, in the exercise of its discretion the court may direct that such evidence be disclosed to the jury by the court or by the parties in a manner best calculated to serve the interests of justice and avoid prejudice, confusion and waste of time."

because the jury questionnaire merely asked the jury whether [p]laintiff's injuries 'were proximately caused by [d]efendant[']s negligence[,]'" the court analyzed the issues with respect to both possible defects. In her decision, the trial justice held that, "[t]o the extent that the jury verdict was based on [a] defective railing, [p]laintiff failed to satisfy the preliminary showing required to invoke the doctrine of res ipsa [loquitur], let alone the showing required to present a jury question." The trial justice pointed out that plaintiff had "offered no evidence that the railing was not properly maintained or that * * * defendant had notice of any defect." The trial justice concluded that neither plaintiff's testimony nor the photographs of the railing that were admitted into evidence indicated any defect in the railing. Furthermore, the trial justice rejected plaintiff's new claim made during closing argument that the landing where plaintiff stood as he attempted to move the furniture was defective as there was also no evidence to support this contention. Accordingly, the trial justice concluded that defendant was entitled to judgment as a matter of law.[5] Moreover, in her analysis of the motion for a new trial, the trial justice also found that the jury's verdict was against the weight of the evidence.[6]

Subsequently, plaintiff filed a premature notice of appeal on October 27, 2011.[7] An order entered reflecting the court's decision on April 12, 2013, and final judgment entered in defendant's favor on October 24, 2013.

---

[5] The trial justice also found that it was an error of law to allow the jury to consider the doctrine of res ipsa loquitur when it had not been properly instructed on the doctrine. Additionally, she declined to decide whether plaintiff's continuous mention of the fact that defendant was insured in violation of Rule 411 was sufficient to warrant a new trial or whether the jury instruction sufficed to cure the harm.

[6] Rule 50(c)(1) of the Superior Court Rules of Civil Procedure requires the trial justice to "also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed * * *."

[7] We treat such a notice as timely. See Toegemann v. City of Providence, 21 A.3d 384, 386 n. 3 (R.I. 2011) (premature notice of appeal is timely as long as a final judgment is entered thereafter).

## II

## Standard of Review

On appeal, plaintiff challenges the trial justice's grant of defendant's motion for judgment as a matter of law. "In reviewing a trial justice's decision on a motion for judgment as a matter of law, this Court is bound to follow the same rules and legal standards as govern the trial justice." Roy v. State, 139 A.3d 480, 488 (R.I. 2016) (quoting Hough v. McKiernan, 108 A.3d 1030, 1035 (R.I. 2015)). "The trial justice, and consequently this Court, must examine 'the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[] from the record all reasonable inferences that support the position of the nonmoving party.'" Id. (quoting Hough, 108 A.3d at 1035). Accordingly, "a trial justice should enter judgment as a matter of law 'when the evidence permits only one legitimate conclusion in regard to the outcome.'" Id. (quoting Hough, 108 A.3d at 1035).

## III

## Discussion

The plaintiff argues that "[i]t was the combination of the small platform and the inadequate rail that created the dangerous condition, not the railing alone." He maintains that the jury followed the instructions provided by the trial justice and "found that a small platform surrounded by a railing was not a safe condition for a common area to be used by a mover" and was the cause of his fall and resulting injuries. He further contends that the jury relied on circumstantial evidence (through the doctrine of res ipsa loquitur) in finding the unsafe condition and that there was no requirement that the jury be instructed on res ipsa loquitur to make such a

finding. He insists that "[t]he small exit platform from the second floor and the weak railing was the proverbial unsafe condition which could be viewed by circumstantial evidence."[8]

Rule 50(a)(1) of the Superior Court Rules of Civil Procedure provides, in relevant part, as follows:

> "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

"It is well settled that to prevail on a claim of negligence a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Wray v. Green, 126 A.3d 476, 479 (R.I. 2015) (quoting Nationwide Property & Casualty Insurance Co. v. D.F. Pepper Construction, Inc., 59 A.3d 106, 110 (R.I. 2013)). In Rhode Island, "a landowner

---

[8] The plaintiff also argues in his supplemental memorandum that the trial justice erred by not allowing him to present a former building inspector to testify that the banister in question was in violation of the International Residential Code of 2003, which allegedly was applicable to defendant's apartment building. The plaintiff first raised the issue on the eve of trial in an "Amended Interrogatory Answer" which the trial justice construed as a motion in limine. In her decision, the trial justice stated that she denied plaintiff's motion because it was unclear whether the international code was incorporated into the Rhode Island Building Code, and, even if it were, it would be irrelevant because defendant's property was built "decades" before the Rhode Island Building Code was enacted. The transcript of the hearing is not part of the record on appeal. "Pursuant to Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure, it is appellant's responsibility to order and file 'a transcript of such parts of the proceedings * * * as the appellant deems necessary for inclusion in the record.' If the appealing party fails to provide a sufficient transcript, the Court cannot perform a meaningful review and has no choice but to uphold the lower court's findings." Bergquist v. Cesario, 844 A.2d 100, 105 (R.I. 2004). A transcript of the hearing is, however, found in the Superior Court file. Notably, this transcript was not docketed in either the Supreme Court or the Superior Court, nor was it signed by the stenographer. Assuming without deciding that we nevertheless have enough before us to perform a meaningful review of the trial court's decision, see Vogel v. Catala, 63 A.3d 519, 522 (R.I. 2013), we are satisfied that the trial justice did not abuse her discretion in denying plaintiff's motion.

has a duty to exercise reasonable care for the safety of persons reasonably expected to be on the premises, and that duty includes an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition." Tancrelle v. Friendly Ice Cream Corp., 756 A.2d 744, 752 (R.I. 2000). The Residential Landlord and Tenant Act mandates that "[a] landlord shall: * * * [m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." Giron v. Bailey, 985 A.2d 1003, 1008 (R.I. 2009) (quoting G.L. 1956 § 34-18-22(a)(2)).

There is no question that defendant, as a residential landlord, owed plaintiff a duty of care. The issue before this Court is whether plaintiff presented any evidence at trial to support the jury's finding that defendant breached that duty. We find our decision in Ramos v. Granajo, 822 A.2d 936 (R.I. 2003), to be instructive. In Ramos, the plaintiff was assisting a tenant to move from the defendant's property when he fell from a second-floor balcony. Id. at 937-38. The plaintiff had been holding onto a railing with one hand and moving furniture with the other, when he "heard some cracking and felt the railing giving way." Id. at 938. The plaintiff had been passing furniture to a friend on the first floor through a balcony and railing because the furniture was "too large to be taken down the stairs." Id. After sustaining injuries, the plaintiff filed a negligence suit against the homeowner. Id. at 937. In affirming the grant of summary judgment in the defendant's favor, we noted that the plaintiff had "offered no evidence that the balcony was not properly maintained or that [the] defendant had notice of any defect[.]" Id. at 938. We rejected the plaintiff's contention that it was "foreseeable [that] tenants moving in and out * * * would use the balcony for the purpose of which it was being used" in that particular

case. Id. We noted that "[t]his bare allegation created no question of fact about whether the balcony was properly maintained." Id.

Here, as in Ramos, plaintiff failed to present any evidence that would support a finding that the banister or the landing area was defective, nor did plaintiff present any evidence that defendant knew or should have known of any alleged defect. After a careful review of the record, including the trial testimony and exhibits submitted, it is our opinion that plaintiff has not met his burden. At trial, plaintiff acknowledged that the banister on the second floor was not broken prior to his fall. His testimony did not suggest that the banister was defective in any way. To the contrary, his rendition of the incident at trial was that the banister snapped or broke when he leaned against it, trying to maneuver a heavy piece of furniture through a small space. Even if we were to accept, arguendo, plaintiff's argument that the fact that the banister broke when he leaned on it was sufficient circumstantial evidence that the banister was defective, this argument completely overlooks his additional burden of also establishing that defendant knew or should have known of the defect. See Tancrelle, 756 A.2d at 752. The plaintiff presented no evidence at trial as to any defect that defendant should have discovered. Instead, we are left with his testimony that, prior to his furniture maneuver, the banister was not broken.[9] There is not a scintilla of evidence, either direct or circumstantial, that defendant knew or should have known of any alleged defect or dangerous condition.

---

[9] Moreover, plaintiff's closing statement suggested to the jury that the mere fact that the banister broke establishes that defendant was negligent. However, we agree with the trial justice that plaintiff wholly failed to meet the requirements necessary for a res ipsa loquitur claim. The doctrine of res ipsa loquitur requires plaintiff to show that "(a) the event [in this case] is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." Parrillo v. Giroux Co., 426 A.2d 1313, 1320 (R.I. 1981) (quoting Restatement (Second) Torts § 328D(1) at 156 (1965)).

Accordingly, it is our opinion that the evidence adduced at trial did not support a verdict in the plaintiff's favor.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gary Lemont v. Estate of Mary Della Ventura. |
| **Case Number** | No. 2013-317-Appeal. (PC 06-4776) |
| **Date Opinion Filed** | April 4, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Susan E. McGuirl |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Gary Lemont, Pro Se |
| | For Defendant:<br><br>Robert P. Corrigan |