OPINION
Justice Flaherty,
for the Court.
In this slip-and-fall case, we are called upon to determine whether the trial justice misstepped when she granted the defendant’s motion for judgment as a matter of law. The plaintiff, Joseph Aubin, alleged that he slipped on a patch of “black ice” in the paved parking area adjacent to his apartment building, which was owned by the defendant, MAG Realty, LLC. The plaintiff claimed that his fall resulted in a torn rotator cuff that required surgery and caused the plaintiff to be unable to work for a period of several months. The plaintiff argues on appeal that the trial justice erred because issues of fact remained in dispute; and, when reviewing the facts in the light most favorable to the plaintiff, it was possible for the plaintiff to prevail in his negligence action.
This matter came before us for oral argument on April 27, 2017, pursuant to an order directing the parties to appear and show cause why this appeal should not summarily be decided. After considering the parties’ oral and written arguments and, after thoroughly reviewing the record, *1145 it is our opinion that cause has not been shown and that this case should be decided at this time without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.
Facts and Travel
During December 2010, plaintiff, Joseph Aubin, and his wife, Jennifer Aubin, were living at 208 Wood Avenue in Woonsocket. The apartment building was a “triple-deck-er” that was owned by defendant, MAG Realty, LLC, during the time relevant to this case. The Aubins had lived there for eight or nine years, and they occupied the second floor apartment.
On December 25, 2010, the Aubins went to a family get-together to celebrate Christmas at William Gilman’s home. Mr. Gilman is plaintiffs brother-in-law and also a member of MAG Realty, LLC. At that family gathering, plaintiff and Mr. Gilman made plans to go together to Lowe’s the following morning to purchase plywood so that plaintiff could replace the flooring in his apartment.
On the morning of the 26th, plaintiff went out to the parking lot adjacent to his apartment building to meet Mr. Gilman, as the two had planned. The plaintiff walked towards his truck to retrieve his wallet and keys, and, as he was. doing so, he slipped and fell on a patch of black ice. The plaintiff landed with a thud on his left shoulder. The fall, according to plaintiff, resulted in a torn rotator cuff, which required surgery to repair. Also, while recovering from his injury, plaintiff contended that he required assistance with daily living activities and that he was unable to work for a period of five or six months.
In February 2012, plaintiff brought a single-count suit against defendant, alleging that defendant negligently maintained the premises and that defendant’s negligence was the direct and proximate cause of plaintiffs shoulder injury. In an amended complaint filed in January 2015, plaintiff added several counts, including allegations that defendant violated the Residential Landlord Tenant Act, G.L. 1956 chapter 18 of title 34, and specifically, § 34-18-22, by failing to keep the common areas of the premises in a clean and safe condition (counts 3 and 4).
Eventually, the matter came to trial; a jury trial spanning three days took place in December 2015. At the close of plaintiffs case, defendant moved for judgment as a matter of law, pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The defendant argued that plaintiff had presented no evidence that defendant was on notice of the black ice and, therefore, as a matter of law, plaintiffs claim must fail. The trial justice initially reserved on that motion. At the conclusion of defendant’s case, defendant renewed its motion for judgment as a matter of law. Before sending the case to the jury, the trial justice granted defendant’s motion from the bench. Judgment entered the same day, and plaintiff timely appealed to this Court.
Standard of Review
“Our review of a trial justice’s decision on a motion for judgment as a matter of law is de novo.” Giron v. Bailey, 985 A.2d 1003, 1007 (R.I. 2009) (quoting Gianquitti v. Atwood Medical Associates, Ltd., 973 A.2d 580, 589 (R.I. 2009)). “In reviewing a trial justice’s decision on a motion for judgment as a matter of law, this Court is bound to follow the same rules and legal standards as govern the trial justice.” Lemont v. Estate of Ventura, 157 A.3d 31, 36 (R.I. 2017) (quoting Roy v. State, 139 A.3d 480, 488 (R.I. 2016)). “The trial justice, and consequently this Court, must examine ‘the evidence in the light *1146 most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[ ] from the record all reasonable inferences that support the position of the nonmoving party.’ ” Id. (quoting Roy, 139 A.3d at 488). “Thus, a trial justice should enter judgment, as a matter of law ‘when the evidence permits only one legitimate conclusion in regard to the outcome.’ ” Roy, 139 A.3d at 488 (quoting Hough v. McKiernan, 108 A.3d 1030, 1035 (R.I. 2015)).
Analysis
“It is well settled that to prevail on a claim of negligence a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the áctüal loss or damage.” Lemont, 157 A.3d at 37 (quoting Wray v. Green, 126 A.3d 476, 479 (R.I. 2015)), “Of the four well-worn elements of negligence, only duty is a question of law.” Williams v. Alston, 154 A.3d 456, 459 (R.I. 2017). “[T]he remaining three elements of a negligence claim * * * are fact-based and * * * the ‘[trial] justice may treat' the issue of negligence as a matter of law only if the facts suggest only one reasonable inference.’ ” Hall v. City of Newport, 138 A.3d 814, 820 (R.I. 2016) (quoting Berard v. HCP, Inc., 64 A.3d 1215, 1218 (R.I. 2013)).
Under the common law of Rhode Island, a landowner has a duty to exercise reasonable care for the safety of persons reasonably expected to be on the premises, and that duty includes an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition. See Tancrelle v. Friendly Ice Cream Corp., 756 A.2d 744, 752 (R.I. 2000). Beyond the common law duty, the Legislature has imposed a higher standard for landlords by enacting the Residential Landlord Tenant Act. See Giron, 985 A.2d at 1008. Section 34-18—22(a)(3) mandates, among other things, that “[a] landlord shall * * * [k]eep all common areas of the premises in a clean and safe condition[.]” The act “supersede[s] any common-law rules relating to residential tenants and landlords in conflict with its provisions.” Errico v. LaMountain, 713 A.2d 791, 794 (R.I. 1998).
Here, it is clear to us that defendant, in its capacity as a landlord, owed plaintiff a duty to keep the common areas, including the parking area, “in a clean and safe condition[.]” Section 34-18-22(a)(3).[1] Accordingly, unless “the facts suggest only one reasonable inference[,]” this case must be presented to the factfinder, which, in this case, was a jury. Hall, 138 A.3d at 820 (quoting Berard, 64 A.3d at 1218).
At trial, plaintiff offered testimony that defendant would plow snow onto a grassy area that was above the blacktopped parking lot. Consequently, when temperatures climbed above freezing during the day, snow and ice would melt and water would *1147 run across the parking area. Then, when the temperature dropped overnight, the water would refreeze on the paved parking area, resulting in patches of black ice, creating a dangerous condition.
The defendant contends that it should prevail as a matter of law because there was no evidence presented that there were snowbanks at the time plaintiff slipped[2] and, furthermore, there was no evidence that defendant had notice of a dangerous condition. In making this argument, however, defendant overlooks Ms. Aubin’s testimony. At trial, Ms. Aubin testified that there were snowdrifts on the grassy area above the parking lot on the day that plaintiff injured himself. Furthermore, Ms. Aubin testified that plaintiff had complained to defendant on at least two occasions about ice forming in the parking lot.
The defendant further argues that, because plaintiff complained only generally about icy conditions occurring in the parking area, but never about the specific patch of ice that he fell on, defendant did not have sufficient notice of the dangerous condition. Therefore, defendant asserts that, as a matter of law, it should prevail. We’ are not persuaded by this argument.
This Court, in Dawson v. Rhode Island Auditorium, Inc., 104 R.I. 116, 128, 242 A.2d 407, 414-15 (1968), held that the defendant building owner, even though it had never been given notice of the specific leak that caused the plaintiffs injuries, had notice of the leak in its roof because the defendant previously had notice that' its roof was generally leaky during heavy rains. Here, the situation is analogous. The defendant had notice that icy conditions were present on its property during certain types of weather, and that icy conditions would come and go as the weather changed. In our opinion, it would be impractical to burden a tenant with the responsibility to call his landlord every day to give notice of new patches of ice .in order to satisfy the notice requirement of a premises liability claim. Rather, this burden is sustained by providing notice of the recurring condition. And, if we credit Ms. Aubin’s testimony, as we .'must for the purpose of this Rule 50 motion, then the inescapable conclusion is that defendant had notice of the dangerous, icy condition that existed in the parking area.
Because we do not weigh the evidence when analyzing a Rule 50 motion, it is our opinion that there was enough evidence to send the case to the jury.
Conclusion
For the reasons set forth herein, we vacate the judgment of the Superior Court. The record shall be remanded to that tribunal.

. In its briefs, defendant devoted space to discussing the "Connecticut Rule,” which abrogates a landlord's duty to keep surfaces .clear of - natural accumulations of ice and snow during a storm. See Benaski v. Weinberg, 899 A.2d 499, 502-03 (R.I. 2006). In this case, weather data that was admitted into ■ evidence indicated that there was a substantial snowstorm that began late on the day of .December 26, 2010, the day that plaintiff fell. However, at the time of plaintiff's fall, only trace amounts of snow were recorded. Nevertheless, plaintiff alleges that he slipped on black ice that had formed the previous night, and not on freshly fallen snow. Given the posture of the case before,us, we must assume that plaintiff's allegation is true. Accordingly, for the purpose of our review, the Connecticut Rule is inapplicable.

. The defendant concedes that “when snow was removed from the parking area, it was deposited onto the grassy area.” However, defendant’s argument is that no snowbanks existed at the time that plaintiff fell.