January 18, 2018

Supreme Court

No. 2016-280-Appeal.
(PC 13-3861)

Bruce Zarembka          :

       v.                :

Kali Whelan et al.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Bruce Zarembka                    :

v.                          :

Kali Whelan et al.              :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**  The plaintiff, Bruce Zarembka, appeals from the Superior Court's denial of his motion for a new trial, following a jury verdict in favor of the defendants, Kali Whelan and John Whelan.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the decision of the Superior Court.

## I

### Facts and Travel

At the outset, we note that plaintiff did not order a transcript of the trial in the Superior Court.[2]  Nevertheless, we will outline the facts that we can deduce from the record before us.

---

[1] The defendants' pre-briefing statement to this Court states that the trial justice dismissed John Whelan from the case after he granted John Whelan's motion for directed verdict after the close of plaintiff's case.  However, there is nothing in the record before us to substantiate this.

[2] The only official transcript submitted to this Court was of the August 19, 2016, hearing on plaintiff's motion for judgment as a matter of law, additur, and/or a new trial.  In the Superior Court record, however, a copy of a transcript of Kali Whelan's testimony was attached as an exhibit to plaintiff's motion.  The plaintiff also appended an excerpt of this transcript to his pre-

This appeal arises out of an automobile accident that occurred on November 17, 2011, at the intersection of Niantic Avenue and Dupont Drive in Providence, Rhode Island. On August 29, 2013, plaintiff brought an action against Kali Whelan, the operator of a vehicle involved in the collision, and John Whelan, the vehicle's registrant.[3] The complaint alleged that Kali negligently operated her vehicle, which caused a collision with Zarembka's vehicle and resulted in Zarembka sustaining personal injuries. The defendants denied plaintiff's allegations and raised multiple affirmative defenses.

The case proceeded to arbitration. After hearing the case, the arbitrator issued an award for plaintiff in the amount of $7,500 plus interest and costs. The defendants rejected the award. The case went to trial; and, on May 16, 2016, a jury returned a verdict for defendants. Judgment was entered that reflected the jury's verdict.

On May 23, 2016, plaintiff moved for judgment as a matter of law, additur, and/or a new trial; and he argued that the jury's verdict was against the law, the evidence, and the facts. The defendants objected to the motion and moved for the assessment of costs against plaintiff pursuant to G.L. 1956 § 9-22-5 and Rule 54(d) and (e) of the Superior Court Rules of Civil Procedure.

On August 19, 2016, a hearing on plaintiff's motion was held. The trial justice clarified that plaintiff's motion, which was styled as a motion for judgment as a matter of law, additur, and/or a new trial, was in effect a motion for a new trial; and, plaintiff agreed to this clarification.

---

briefing statement submitted to this Court. Oddly, neither the Superior Court's docket nor this Court's docket reflect that plaintiff ordered this transcript. *See Lemont v. Estate of Ventura*, 157 A.3d 31, 36 n.8 (R.I. 2017) ("The transcript of the hearing is not part of the record on appeal. * * * A transcript of the hearing is, however, found in the Superior Court file. Notably, this transcript was not docketed in either the Supreme Court or the Superior Court * * *." This Court nevertheless reviewed the trial justice's decision.).

[3] We will refer to defendant Kali Whelan by her first name to avoid confusion with defendant John Whelan. We intend no disrespect.

The plaintiff argued that the jury failed to apply the facts to the law in the case at hand. Specifically, he maintained that defendants should have been found negligent based on Kali's testimony at trial that she was traveling thirty miles per hour in a twenty-five-mile-per-hour zone through an intersection in an area with which she was familiar. The defendants asserted that the testimony was conflicting and that, therefore, reasonable minds could differ as to the outcome of the case. Specifically, defendants referenced plaintiff's trial testimony that Kali left the lane in which she was traveling and crashed into him, whereas Kali testified that she had a green light, was in the right of way, and that plaintiff pulled in front of her without using a turn signal.

The trial justice then rendered his decision. He first articulated the standard for deciding a motion for a new trial. He noted that he had instructed the jury on the burden of proof, duty of care, and comparative negligence, and had provided instructions related to the specifics of the case, such as the degree of care to be exercised when entering an intersection and the violation of motor-vehicle laws as evidence of negligence. The trial justice found plaintiff's and Kali's accounts of the accident incompatible and observed that neither the photographs nor the testimony about the photographs tended to support either account of the accident. Because the trial justice determined that reasonable minds could differ on the outcome of the case, he denied plaintiff's motion for a new trial. He also denied defendants' motion for costs.

## II

### Standard of Review

"This Court gives 'great weight' to a trial justice's ruling on a motion for a new trial." *Bitgood v. Greene*, 108 A.3d 1023, 1028 (R.I. 2015) (quoting *Botelho v. Caster's, Inc.*, 970 A.2d 541, 546 (R.I. 2009)). "A trial justice acts as a 'superjuror' when ruling on such a motion." *Quillen v. Macera*, 160 A.3d 1006, 1011 (R.I. 2017) (quoting *Rhode Island Managed Eye Care,*

*Inc. v. Blue Cross & Blue Shield of Rhode Island*, 996 A.2d 684, 695 (R.I. 2010)). "In this role, the trial justice should review the evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses." *Id.* (quoting *Rhode Island Managed Eye Care, Inc.*, 996 A.2d at 695). "This Court will affirm a trial justice's decision on a motion for a new trial 'as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong.'" *Bitgood*, 108 A.3d at 1028 (quoting *Connor v. Schlemmer*, 996 A.2d 98, 115 (R.I. 2010)).

## III

## Discussion

On appeal, plaintiff argues that the trial justice overlooked and misconceived material evidence when deciding the motion for a new trial. Specifically, he challenges the decision because the trial justice did not reference Kali's testimony that she was driving thirty miles per hour in a twenty-five-mile-per-hour zone, she did not slow down, and she was familiar with the intersection where the collision occurred. The plaintiff maintains that Kali's testimony "essentially admits liability."

When deciding a motion for a new trial, however, "the trial justice need not engage in an exhaustive review and analysis of all of the evidence and testimony presented at trial * * * [but] need only make reference to such facts disclosed by the testimony as have motivated his or her conclusion." *Bitgood*, 108 A.3d at 1028 (quoting *Bourdon's, Inc. v. Ecin Industries, Inc.*, 704 A.2d 747, 758 (R.I. 1997)). Here, the trial justice evaluated the evidence, which he stated "consisted of photos of property damage and the conflicting testimony from plaintiff and defendant regarding the cause." He summarized plaintiff's testimony that he was in the center lane initiating a left-hand turn when Kali's vehicle struck plaintiff's vehicle. The trial justice

also reviewed Kali's testimony that plaintiff was driving fast and pulled into her lane of travel, precipitating the collision. He found that, although neither plaintiff nor defendant had credibility issues, their respective accounts of the accident were incompatible and the evidence did not support one version of the facts over the other. Given the conflicting testimony, the trial justice concluded that reasonable minds could reach different conclusions in this case.

While the trial justice did not expressly reference specifics from Kali's testimony, he "need only discuss sufficient evidence for it to be clear to this Court that the standard applied was appropriate." *Panarello v. State, Department of Corrections*, 88 A.3d 350, 373 (R.I. 2014) ("the fact that [the trial justice] did not expressly reference every last bit of the evidence is certainly not determinative of the issue"). Our review of the trial justice's bench decision demonstrates that he discussed the evidence to a sufficient extent to show this Court that he properly analyzed the motion for a new trial; he explained that, due to the conflicting testimony about the accident, "[t]he jury could have believed [Kali's] version of the facts, or simply felt * * * that plaintiff did not meet his burden of proving liability by a preponderance of the evidence."

As noted above, we will affirm the trial justice's decision on a motion for a new trial "unless the trial justice overlooked or misconceived the evidence or otherwise was clearly wrong." *Quillen*, 160 A.3d at 1011 (quoting *Rhode Island Managed Eye Care, Inc.*, 996 A.2d at 695). Here, we are satisfied that the trial justice properly conducted the analysis for a motion for a new trial and did not overlook or misconceive material evidence. Accordingly, we affirm the decision to deny the plaintiff's motion for a new trial.

# IV

## Conclusion

For the reasons stated herein, we affirm the decision of the Superior Court and remand the papers thereto.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Bruce Zarembka v. Kali Whelan et al. |
| **Case Number** | No. 2016-280-Appeal. <br> (PC 13-3861) |
| **Date Opinion Filed** | January 18, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Ronald J. Resmini, Esq. |
| | For Defendants: <br><br> Jonathan Myhre, Esq. |